# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2401

FACTORY MUTUAL INSURANCE COMPANY,

*Plaintiff-Appellee*,

v.

BOBST GROUP USA, INC.,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 02 C 0283—**James B. Moran**, *Judge.*

———————

ARGUED DECEMBER 1, 2004—DECIDED DECEMBER 21, 2004

———————

Before EASTERBROOK, EVANS, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Bobst Group sold a print-ing press to Wm. Wrigley Jr. Company. After one of the press's components exploded, Factory Mutual indemnified Wrigley and sued Bobst as its subrogee. Bobst not only denied responsibility but also filed a flurry of third-party claims for indemnity, plus a counterclaim against Factory Mutual. According to Bobst, whatever Factory Mutual re-ceives (should it prevail) it must return in whole or in part as contribution. Bobst's theory is that, by acquiring through its insurance contract a right to inspect Wrigley's plant in order to reduce safety hazards (and thus the risk to which

it was exposed), Factory Mutual undertook a duty to help Wrigley's vendors reduce the hazards that their machines create.

While discovery on Factory Mutual's principal claim was ongoing, the district court granted summary judgment against Bobst on the counterclaim. The insurance policy declares that Factory Mutual's right to inspect is for its sole benefit and that no other person—not Wrigley, and certainly not potential tortfeasors who have not paid any part of the premium—is entitled to rely on the quality of the inspections. The district judge concluded that neither the policy nor the fact that the insurer gave Wrigley some advice about how to make the printing press safer created any duty of care to Bobst. 2004 U.S. Dist. LEXIS 4076 (N.D. Ill. Mar. 15, 2004). The judge might well have added that, although Illinois (whose law governs) has held that an insurer's power to inspect can imply a duty toward victims of torts, see *Nelson v. Union Wire Rope Corp.*, 31 Ill. 2d 69, 199 N.E. 2d 769 (1964), neither Illinois nor any other state has held that this duty runs to a tortfeasor, relieving it of the financial consequences of its own negligence, and thus eliminating its incentive to take care.[†] Good Samaritan liability to victims is rare; Good Samaritan liability to injurers is unheard of.

---

[†] *Nelson* was decided under Florida law, and it is no longer sound on its own facts. The Supreme Court of Illinois used the insurer's inspection as a loophole in the exclusivity provision of the state's workers' compensation program, and the legislature has since forbidden that kind of evasion. See 810 ILCS 305/5. See also *Reid v. Employers Mutual Insurance Co.*, 59 Ill. 2d 194, 319 N.E. 2d 769 (1974). But Illinois continues to hold that negligent performance of a voluntary undertaking can at least sometimes support liability. See *Pippin v. Chicago Housing Authority*, 78 Ill. 2d 204, 399 N.E. 2d 596 (1979); *Restatement (Second) of Torts* §§ 323, 324A. For reasons that will soon become clear, we need not decide how Illinois would today deal with claims based on insurers' inspections.

Having resolved the counterclaim, the district judge decided to enter a partial final judgment under Fed. R. Civ. P. 54(b). 2004 U.S. Dist. LEXIS 9305 (N.D. Ill. May 20, 2004). The judge recognized that the claim and counterclaim have many issues in common but thought a separate judgment proper because the only issue actually resolved—whether the insurer had a duty to take care for Bobst's benefit— affects the counterclaim alone. At oral argument we questioned appellate jurisdiction, however, and directed the parties to file supplemental memoranda. After considering these we conclude that Rule 54(b) does not permit entry of a partial final judgment on a claim for contribution.

Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties. These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit. Otherwise Rule 54(b) would amount to nothing more than an option on the district court's part to certify issues for interlocutory appeal. Rule 54(b) authorizes only appeals from *final* decisions, however; its jurisdictional counterpart is 28 U.S.C. §1291, see *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956), and interlocutory appeals in actions for damages must proceed under §1292(b), which requires not only a demonstration that the issue for appeal has general importance (and can accelerate resolution of the case) but also the appellate court's permission. To keep Rule 54(b) distinct from §1292(b), we have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court. See, e.g., *Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990); *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698 (7th Cir. 1984).

Contribution claims not only overlap but also *depend on* the principal claims in the suit. There can be no contribution without established underlying liability. See *Cooper*

*Industries, Inc. v. Aviall Services, Inc.*, No. 02-1192 (U.S Dec. 13, 2004). Unless Bobst is liable to Wrigley (and so, derivatively, to Factory Mutual as its subrogee), Factory Mutual cannot be liable to Bobst in contribution. It makes little sense for an appellate court to address contribution when that subject may be made academic by the outcome of trial. Everything we do on this appeal could be wasted. Resolution of disputes about contribution and indemnity usually should wait until the underlying claim has been decided. See, e.g., *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807-08 (8th Cir. 1993); *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279 (6th Cir. 1986). Although district courts may think it prudent to alter this order, if by doing so they can simplify a trial, it is imprudent to dispatch the contribution or indemnity claim for immediate appeal, as appellate resolution may never be necessary. This kind of entanglement between the underlying claim and a demand for indemnity led us to hold in *McMunn v. Hertz Equipment Rental Corp.*, 791 F.2d 88, 90-91 (7th Cir. 1986), that Rule 54(b) may not be used to enter a partial final judgment limited to indemnity, while the principal claim remains unresolved. Contribution should be treated the same way.

Contribution, like indemnity, is impossible without some underlying liability. More than that, the proceedings to fix the amount of that liability will cover many of the issues that would matter to contribution. This case provides a vivid illustration. Bobst seeks contribution from Factory Mutual on the theory that its inspections failed to detect and prevent whatever led to the explosion. Bobst makes essentially the same contention defending the main claim, in which Factory Mutual is subrogated to Wrigley's contract and tort rights. Here Bobst labels the argument "assumption of risk"—demonstrated, Bobst insists, by Wrigley's decision to hire an inspector yet not carry out all of the inspector's recommendations. Bobst also contends that

Wrigley's damages should be reduced on the theory that it bears part of the fault. What part? Why, the part represented by not having an inspector find and prevent the explosion! In offering these defenses, Bobst relies on the same contracts and letters that it argues on this appeal show that Factory Mutual's duty of care runs at least to Wrigley, and thus offers some derivative benefit to Bobst itself. Thus Bobst's demand for contribution is neither logically nor factually separate from Factory Mutual's demands in the main suit. Both should be handled on one appeal—from the *real* final judgment in the whole case.

Recognizing the problems entailed in treating contribution as a separate "claim" for purposes of Rule 54(b), Bobst contended in its post-argument memorandum that jurisdiction could be sustained under the rule's separate-party provision. According to Bobst, the district court has resolved all claims involving Factory Mutual Engineering Association (FMEA), which it describes as "an unincorporated association owned by four insurance companies." True enough, FMEA is not a party in the proceedings ongoing in the district court—but this is because it has never been a party to the claim, the counterclaim, or the third-party practice, as it does not exist. Bobst's brief says that the four companies "merged with Factory Mutual Ins. Co. in July of 1999, before the incident in question occurred and before the lawsuit was filed." So it was never named as a party. Perhaps the Rule 54(b) judgment wrapped up all theories of liability on account of acts that FMEA performed while it existed. But it did not dispose of all claims by and against FMEA as a party, for it never has been one. Its assets and liabilities were merged into Factory Mutual, which remains a party in the district court.

Because there is no appellate jurisdiction, we cannot explore the question whether there may be difficulties in subject-matter jurisdiction as well. Some of the additional parties are limited liability companies. Factory Mutual and

Bobst have treated them as corporations, with two citizenships: state of incorporation and principal place of business. They are not; for jurisdictional purposes they are partnerships, and the citizenship of every member must be ascertained. See *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). Perhaps some or all of the third-party practice could be supported by the supplemental jurisdiction, but the limitations in 28 U.S.C. §1367(b) must be considered and, so far, have not been. The district judge should look at these potential problems before the case proceeds any further.

   The appeal is dismissed for want of jurisdiction.


A true Copy:

        Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*