In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-2505

ANTHONY RANKINS,

*Plaintiff,*

*v.*

SYSTEM SOLUTIONS OF KENTUCKY, LLC,

*Defendant/Third-Party Plaintiff-Appellant,*

*and*

LUMMUS CORP.,

*Defendant,*

*v.*

DHL EXPRESS (USA), INC.,

*Third-Party Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 C 3775 — **Sharon Johnson Coleman**, *Judge.*

_____

ARGUED JANUARY 12, 2022 — DECIDED JULY 11, 2022

_____

Before FLAUM, EASTERBROOK, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge*. Anthony Rankins, a DHL employee, was seriously injured at DHL's Chicago facility when a cable within a winch system snapped. The winch system was designed and installed by Systems Solutions of Kentucky, LLC (SSK), and so Rankins brought products-liability claims in state court against SSK and its sole member, Lummus Corporation. But DHL lost the physical pieces of the winch system after the suit was removed to the federal district court. After learning that, SSK brought a third-party suit against DHL seeking damages for the spoliation of evidence. The district court dismissed SSK's third-party claim after DHL settled with Rankins, finding that DHL's contribution payments were enough to discharge all liabilities related to Rankins's injury. Recognizing that SSK sought to press its spoliation claim against DHL, the court certified its resolution of the SSK third-party claim for appeal by issuing an order styled as a Federal Rule of Civil Procedure 54(b) partial final judgment.

Because the spoliation claim is intimately related to the products-liability claims still pending in the district court, we hold that Rule 54(b) was not available for an immediate appeal. We therefore dismiss SSK's appeal for lack of jurisdiction. If SSK seeks to appeal the district court's rejection of its spoliation issue and DHL's dismissal from the case, it must wait until a final judgment has been entered.

**I**

On August 6, 2018, Rankins and three other DHL employees were using a winch system, which had been designed and installed by SSK, to unload cargo from a freight trailer at DHL's O'Hare Gateway Facility. Because another DHL employee allegedly had not disengaged the locks securing the

cargo to the bed of the trailer, the cable that had been holding the cargo in place snapped and struck Rankins in the leg.

Rankins received workers' compensation benefits for his injury. He then brought state products-liability claims in the Illinois circuit court against SSK, Lummus Corporation (SSK's sole member), and Allied Power Products, Inc. (the manufacturer of the winch device at the center of the winch system), on the theory that the failure of the winch system caused his injuries. Allied Power removed the case to federal district court and, in turn, brought a third-party complaint with a claim of contribution against DHL. (The district court has since dismissed Allied Power from this case, and so that third-party complaint disappeared.) Throughout the early stages of litigation, the physical pieces of the winch system—including the winch cable, bridle, and slide lock—were in DHL's possession. But on March 19, 2021, counsel for DHL informed the parties that DHL had somehow lost the winch components.

Alleging that the loss of the evidence hindered its defense strategy in the suit with Rankins, SSK filed a third-party complaint against DHL on June 7, 2021. That complaint asserted that SSK was entitled to contribution from DHL under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS § 100/2, and it raised a state-law claim of negligent spoliation. Meanwhile, DHL settled with Rankins by waiving its workers' compensation lien in the amount of $455,229.17 and paying an additional $87,500. DHL then filed a Motion to Dismiss Pursuant to Settlement on June 28, arguing that its good-faith contribution settlement with Rankins entitled it under state law to a full dismissal of all third-party claims stemming from Rankins's injury. At a hearing on the matter, SSK argued that the settlement contributed to Rankins's injury costs and perhaps

even compensated Rankins for any trouble stemming from the loss of the physical evidence, but it did not compensate SSK for *its own* spoliation-related difficulties. Unpersuaded by SSK's arguments, the district court dismissed SSK's third-party complaint against DHL in full. Then on July 30, the district court entered a minute order finding that, pursuant to Federal Rule of Civil Procedure 54(b), there was no just cause for delaying SSK's appeal of the dismissal of the spoliation claim against DHL.

We need not further elaborate on the details of this dispute, as this case is not properly before us at this time. As we explored at oral argument, the spoliation and products-liability claims are not factually and legally separable to the extent required by Rule 54(b), and so there is no *final* judgment over which we can now take appellate jurisdiction.

## II

Rule 54(b) permits a federal court to "direct entry of a final judgment as to one or more, but fewer than all, claims" when the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But the rule does not provide an open invitation for the district court to certify a ruling for interlocutory appeal. *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). Instead, two requirements must be met. First, we must be sure that the district court's order "was truly a final judgment." *Peerless Network, Inc. v. MCI Comms. Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019). We test this by examining *de novo* the degree of overlap between the certified claim and all other parts of the case that are still pending in the district court. This enables us to limit Rule 54(b) to situations where concentrating all claims in a single appeal so as to preserve judicial resources is

unnecessary because the certified claim is akin to a standalone lawsuit. Second, we must consider whether the district court abused its discretion in finding no just reason to delay the appeal of the adjudicated claim. *Id.* Taken together, these requirements help us to avoid "piece-meal appeals," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980), that tend to undermine judicial efficiency. And because 28 U.S.C. § 1291 affords us appellate jurisdiction only over "final decisions," we must dismiss for want of jurisdiction if either of Rule 54(b)'s requirements are not met and no other basis for interlocutory review exists.

We need not look further than Rule 54(b)'s first requirement to dismiss this appeal. As we just noted, to determine whether an order truly is "final," we ask whether there is significant factual and legal overlap between the claim proposed for appeal and the part of the case pending in the district court. See *Factory Mut. Ins. Co.*, 392 F.3d at 924 ("[W]e have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court."). Claims are intertwined, and thereby outside the bounds of Rule 54(b) treatment, if the resolution of the claims pending in the district court could "undercut" or otherwise alter the "final" claim. *VDF FutureCeuticals, Inc. v. Stiefel Laboratories, Inc.*, 792 F.3d 842, 845 (7th Cir. 2015); *cf. Factory Mut. Ins. Co.*, 392 F.3d at 924 ("It makes little sense for an appellate court to address contribution when that subject may be made academic by the outcome of trial. Everything we do on this appeal could be wasted.").

SSK's appeal is ill-suited for Rule 54(b) treatment because the spoliation claim depends on whether SSK's defense against Rankins's products-liability claims will be hamstrung

by the loss of the physical evidence. Perhaps SSK will be disadvantaged by its absence, but we cannot say from this vantage point how prejudicial this will be. It may turn out that SSK can defeat Rankins's claims notwithstanding its inability to use that evidence. Perhaps the absence of the physical evidence will work in SSK's favor. The answer will emerge only once the products-liability claims are resolved by the district court. Given this entanglement and the needless duplication that would result if we were to pass judgment on the spoliation issue at this juncture, the district court's dismissal of SSK's spoliation claim was not sufficiently distinct from the remainder of the case to qualify as a "final" decision eligible for Rule 54(b) certification. And that means we lack appellate jurisdiction under 28 U.S.C. § 1291.

Since we have no jurisdiction over the appeal, we obviously have nothing to say about the merits of the spoliation issue or the district court's dismissal of DHL from the suit. We have not considered whether a claim for spoliation exists under Illinois state law separate and apart from contribution claims, or whether DHL's settlement with Rankins discharges DHL of potential liability to SSK with respect to the spoliation issue. If SSK seeks to appeal these determinations in the future, it must wait for the district court to issue a final judgment over which we can take jurisdiction.

## III

Because the district court erred in granting partial final judgment on SSK's spoliation claim, we VACATE the Rule 54(b) judgment and DISMISS this appeal for want of jurisdiction.