Godfrey JASMIN, Plaintiff-Appellee,

v.

Walton J. DUMAS, et al., Defendants-Appellees,

Continental Casualty Company, Defendant-Appellant.

CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellant,

v.

Godfrey JASMIN and Henry M. Jasmin, Defendants-Appellees.

No. 83–3446.

United States Court of Appeals, Fifth Circuit.

March 8, 1984.

Deutsch, Kerrigan & Stiles, Raymon G. Jones, Nancy J. Marshall, New Orleans, La., for Continental Cas. Co.

Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, La., for Dumas.

Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert E. Winn, Shirley A. Nassif, New Orleans, La., for Godfrey Jasmin.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., New Orleans, La., for Henry Jasmin, Stanley Pulitzer, Inc. & Lumbermens.

Before RUBIN, GARWOOD and JOLLY, Circuit Judges.

BY THE COURT:

The issue is whether we should entertain an appeal from a judgment dismissing some of the parties to a multi-defendant suit, certified under Fed.R.Civ.P. 54(b) by the district court, when the district court subsequent to the filing of the notice of appeal, seeks to set the judgment aside. Finding no reason to insist upon appellate review of a judgment that would have been interlocutory and non-appealable save for the district court's certificate, we dismiss the appeal.

Godfrey Jasmin sued six defendants for personal injuries sustained when he was injured in an automobile collision. Jasmin alleged that he was a guest passenger in a vehicle owned by Genway Corporation, leased to Stanley Pulitzer or Stanley Pulitzer, Inc., and operated by Henry Jasmin. That vehicle was involved in a collision with a vehicle driven by Walton J. Dumas. He alleged that both Henry Jasmin and Dumas were negligent, and sued Travelers Insurance Company as the Pulitzers' insurer. Thereafter Godfrey Jasmin amended his complaint to sue Continental Casualty Company and Lumbermen's Mutual Casualty Company as the Pulitzers' insurers. Continental Casualty filed a separate action seeking a declaratory judgment that a commercial umbrella liability policy issued by it is not an automobile liability insurance policy

and was therefore not required to include uninsured motorist coverage by La.R.S. 22:1406(D). It also filed cross-claims in the original action. The two cases were consolidated. Thereafter Lumbermen's Casualty Company settled Godfrey Jasmin's claim against some of its insureds. Even if it had coverage, Continental was an excess insurer and the settlement was for less than the coverage provided by Lumbermen's primary policy. Continental, therefore, filed a motion to amend its previously filed cross-claim against Lumbermen's, requesting declaratory and injunctive relief because of the alleged breach of Lumbermen's fiduciary and contractual duties to Continental and to the one Lumbermen's insured who was not dismissed from the lawsuit. Continental also opposed the settlement agreement and brought a motion to avoid it as being opposed to public policy.

Godfrey Jasmin filed a motion to dismiss Lumbermen's, Stanley Pulitzer, and Stanley Pulitzer, Inc. in accordance with the settlement agreements. Following a hearing on the motion, the trial court refused to grant Continental's motion to void the settlement agreements and it granted Godfrey Jasmin's motion to dismiss three of the defendants, Henry Jasmin, Stanley Pulitzer, Inc., and the insurer of Stanley Pulitzer, Inc., Lumbermen's Mutual Casualty Company.

Continental presented a motion to the court, ex parte, seeking entry of a final judgment of dismissal of these parties under Rule 54(b) so that it could appeal that judgment. It did not suggest that its action had the consent of opposing counsel, and the motion bore a caption indicating that it was ex parte. The district judge granted the motion and signed a judgment. Lumbermen's Mutual Casualty Company promptly filed a motion to set aside the entry of judgment as improvident. The district judge later stated that she had not known that the motion was in fact contested and would not have signed the judgment had she known this. Continental then filed its appeal based on the 54(b) certification. Five days later the district court sought to rescind its 54(b) certification because of the contest concerning the advisability of entering such an order. Godfrey Jasmin and Lumbermen's now seek to have the appeal dismissed.

■ We pretermit the issue presented by the parties, whether the filing of the motion to set aside the Rule 54(b) order tolled the time for appeal and rendered the appeal premature under Fed.R.App.P. 4(a)(4).[1] Rule 54(b) was adopted to avoid the possible injustice that might result in some cases from a delay in the effectiveness of a decision on a distinctly separate claim while the parties awaited adjudication of the entire case. It was not designed to overturn the settled federal rule against piecemeal appeals. It grants "a discretionary power to afford a remedy in the infrequent harsh case." Notes of Advisory Committee on Rules concerning 1946 amendments. The district court is required to determine expressly that there is "no just reason for delay" and to give an "express direction for the entry of judgment." Rule 54(b), *supra*. A request for entry of final judgment and certification under this rule is, therefore, not to be granted routinely. The procedure should be sparingly and deliberately used for it brings parts of a case before the court seriatim. *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir.1978); *Kirkland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1171 (5th Cir.1978). Entry of the rule 54(b) order is discretionary. Moreover, the district court's order is always subject to reversal for abuse of discretion.[2] If a district court

---

1. Continental contends that the motion was not made under any of the rules expressly referred to in Rule 4(a)(4) and therefore was not covered by its tolling provision. It suggests that the motion was to be "properly categorized" as a Rule 60(b)(1) motion, and, as such, its filing would not affect the time for appeal. Consideration of the nice interplay of Fed.R.App.P. 4(a)

and Fed.R.Civ.P. 50(b), 52(b), 59 and 60(b) is reserved for the day when it is necessary.

2. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 453, 76 S.Ct. 904, 909, 100 L.Ed. 1311 (1956). *See also* C. Wright,

itself decides that it has acted improvidently, we will uphold its timely change of mind. We decline to review questions that a lower court, upon further deliberation, has decided not yet to present to us.

For these reasons, the motion to dismiss is GRANTED.

A. Miller, and M. Kane, 10 Federal Practice & Procedure § 2659, 98.