**FLEET BANK OF MAINE**

v.

**Charles J. HOFF and R. Michael Whitty.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1990.

Decided Oct. 3, 1990.

Gregory A. Tselikis and Louis B. Butterfield (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Arnold R. Macdonald, Amerling & Burns, Portland, for R. Michael Whitty.

Robert W. Kline (orally), Portland, for Charles J. Hoff.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, Charles J. Hoff, appeals from a partial summary judgment, certified as final pursuant to M.R.Civ.P. 54,[1] for Fleet Bank of Maine ("the Bank") entered in the Superior Court (Cumberland County, *Alexander, J.*). Hoff contends that the court abused its discretion by failing to articulate appropriate grounds for its certification. We disagree and affirm the judgment.

The Bank advanced funds to Northeast Framing Corporation, a Maine corporation with its principal place of business in Biddeford. On the same date, co-defendants Hoff and Whitty each executed personal guaranties for one-half of the debt. A few days later, Whitty entered into a separate agreement to indemnify Hoff on this obligation. The Bank was not a party to this collateral agreement. Following the default in payment of the note, the Bank brought suit against both Whitty and Hoff to recover the funds pursuant to their separate guaranties. Hoff filed a permissive cross-claim against Whitty, based on their indemnification agreement. After a hearing, the court granted the Bank's motion for a partial summary judgment on its claim. The Bank moved for entry of final judgment pursuant to M.R.Civ.P. 54(b),

---

1. M.R.Civ.P. 54(b) provides, in pertinent part: [W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the court may direct the entry of final judgment as to one or more but fewer than all the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

which the court granted after a hearing, and Hoff appeals.[2]

Hoff contends the court failed to consider the fact that the Bank's claim and his cross-claim arose out of the same transaction and that certification of a final judgment on the claim of the Bank would deny Hoff the practical benefit of delayed payment afforded by his indemnification agreement with Whitty. We review the Superior Court's certification for an abuse of discretion. *Durgin v. Robertson*, 428 A.2d 65, 68 (Me.1981). Rule 54(b) requires that the certifying court make an "express determination" of its reasons for certification. We have interpreted this language as requiring only a "brief reasoned statement," *Cole v. Petersen Realty, Inc.*, 432 A.2d 752, 757 (Me.1981), except in cases where the "justification is clearly apparent." *Canal National Bank v. Becker*, 431 A.2d 71, 72 n. 2 (Me.1981). In *Durgin v. Robertson* we set forth factors to be considered for compliance with Rule 54(b).

> Among the many factors to be considered are the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review may be mooted by future developments in the trial court, the chance that the same issues will be presented more than once to an appellate court, the possibility that an immediate appeal might expedite the trial court's work, and miscellaneous factors such as likely delay, economic and solvency considerations.

428 A.2d at 68. Here, the trial court's stated reasons for its certification were that the cross-claim did not affect the Bank's ability to recover and it should not affect the Bank's right to immediate execution on its judgment clearly reflect consideration by the court of those factors.

This is not a case dealing with counterclaims or potential set-offs between identical parties. *See Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir.1975). Hoff can point to no functional relationship between his cross-claim and the Bank's suit to recover on the personal guaranties of Hoff and Whitty. The guaranties and the indemnification agreement between Hoff and Whitty are distinct transactions entered into by different parties, and the latter is no justification for delaying the Bank's recovery on its judgment. This is precisely the situation in which a Rule 54(b) certification is appropriate.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Whitty does not appeal from the summary judgment entered against him in the Superior Court.