**MONUMENT MANAGEMENT LTD. PARTNERSHIP I,**
Plaintiff–Appellant,

v.

**CITY OF PEARL, MISSISSIPPI,**
Defendant–Appellee.

No. 91–1537
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1992.

---

John Hedglin, Young, Scanlon and Sessums, Jackson, Miss., plaintiff-appellant.

David W. Mockbee, William F. Selph, III, Phelps, Dunbar, Marks, Claverie & Sims, Jackson, Miss., for defendant-appellee.

Before WISDOM, KING, and GARWOOD, Circuit Judges.

PER CURIAM:

In this case the appellant challenges a summary judgment denying it several elements of damages demanded in its complaint. Because the trial court improperly certified that order, which did not dispose of any entire claim in the complaint, we must DISMISS this appeal for lack of jurisdiction.

## I. BACKGROUND

In February 1988, the plaintiff/appellant, Monument Management Limited Partnership I ("Monument"), purchased the Pearl Grocery and Market, including its lease of a store, in Pearl, Mississippi. From August 1988 until early April 1989 the City of Pearl ("the City") worked to widen both streets adjoining the grocery store. The City closed both streets and their intersection, at which the store was located. During that time Monument kept the store open, but access to it was severely limited. Customers who wanted to get to the store by car were forced to enter from a side street through the rear of the parking lot. The store's business slumped, and apparently did not pick up again in the months after the City had finished the project. In December 1989 Monument closed the store.

In September 1989, while it still operated the store, Monument filed a complaint in Mississippi state court against the City, seeking $2 million in physical damages, lost income, lost profits, lost business value, and punitive damages. Its alleged damages arose from the City's actions in closing the road for repair and construction work and from the City's use of Monument's property for parking and storage. The City removed the lawsuit to federal court. As trial was about to begin on August 30, 1990, the trial court granted the City's motion *in limine* prohibiting Monument's use of any evidence regarding lost income, lost profits, and lost business value. The court found such evidence irrelevant to an inverse condemnation action under Mississippi law. Immediately thereafter the court granted the City's oral motion for summary judgment against Monument as to its claims for the same losses.

The court certified that summary judgment for appeal pursuant to Fed.R.Civ.P. 54(b). Monument appeals.

## II. CERTIFICATION FOR APPEAL

 Rule 54(b) allows a trial judge to direct the entry of a final judgment on one claim for relief "[w]hen more than one claim for relief is presented in an action".[1] The judge's certification of one claim among multiple claims, however, must dispose of that claim *entirely*.[2] Although Monument's complaint cannot be said to contain only one claim, the summary judgment in favor of the City did not entirely dispose of Monument's *primary* claim, that as an act of inverse condemnation the City's roadwork decreased the value of its business *and* its leasehold. We apply the rule that when a "plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and [Rule 54(b)] does not apply".[3] The summary judgment below disposed of most of the elements of damages arising from Monument's inverse condemnation claim against the City, but it did not dispose of that claim in its entirety. As we have said in a similar situation in which we found, *sua sponte*, a lack of appellate jurisdiction, "since the judgment does not dispose of the entirety of any one claim, it cannot be made an appealable judgment by recourse to Rule 54(b)".[4]

 The district court's discretion over the certification of final orders for appeal under Rule 54(b) is a strong and important tool for the management of cases.[5] Although we will not lightly disturb a trial court's exercise of that discretion, we are also bound to note its misapplication, even when neither party raises the issue, if it denies us appellate jurisdiction.[6] We dismiss this appeal for lack of an appealable order.

DISMISSED.

---

1. Fed.R.Civ.P. 54(b).

2. *See, e.g., Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.,* 813 F.2d 81, 84 (5th Cir.1987) (citing *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976)).

3. 10A Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2657 at 689–71 (footnote omitted).

4. *Landry v. G.B.A.,* 762 F.2d 462, 464 (5th Cir. 1985).

5. *See, e.g., Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 13, 100 S.Ct. 1460, 1467, 64 L.Ed.2d 1 (1980).

