**DRAVO CORPORATION**

v.

**REGIONAL WASTE SYSTEMS, INC.**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1993.
Decided Oct. 21, 1993.

Peter S. Plumb (orally), Christopher B. Branson, Murray, Plumb & Murray, Portland, for plaintiff.

Michael A. Nelson (orally), Jensen, Baird, Agardner & Henry, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

■ This case arises out of a contract dispute between plaintiff Dravo Corporation and defendant Regional Waste Systems, Inc. (RWS). Dravo charged RWS with failure to pay $2.2 million pursuant to their contract, and RWS responded with affirmative defenses and a six-count counterclaim that included an allegation of fraudulent inducement. The Superior Court (Cumberland County, *Brennan, J.*) entered a summary judgment in favor of Dravo on its complaint and on four of the six counts asserted by RWS in its counterclaim. Pursuant to M.R.Civ.P. 54(b) the court found "no just reason for delay of entry of final judgment on Plaintiff's claim" and granted Dravo's motion for the entry of a final judgment on its complaint. Dravo did not seek a final judgment on any of the counterclaims. Because no reasons were given to support the entry of a final judgment on less than all of the claims, and because we discern none, we dismiss the appeal.

■ According to Rule 54(b), final judgment may be entered "as to one or more but fewer than all" claims in a multiclaim action when the trial court determines that there is "no just reason for delay" and expressly directs the entry of a final judgment. Factors pertinent in determining whether there is "no just reason for delay" include the relationship between adjudicated and unadjudicated claims, the likelihood that the reviewing court will face the same issues more than once, the possibility that future action by the trial court will moot the need for review, whether immediate appeal will expedite the trial process, and miscellaneous considerations such as delay and economic impact. *Durgin v. Robertson*, 428 A.2d 65, 68 (Me. 1981). The trial court's decision to certify claims as final under Rule 54(b) is reviewed for an abuse of discretion. *Fleet Bank of Maine v. Hoff*, 580 A.2d 690, 691 (Me.1990).

In this case the adjudicated and unadjudicated claims are so factually and legally intertwined that it would serve no purpose to enter final judgment on the complaint at this time. The counterclaim seeks to rescind the contract on which Dravo's complaint is founded. Should rescission occur, the validity of Dravo's recovery on the contract would become suspect, as would the grant of the summary judgment on those RWS counts that were premised on the contract's validity. The resulting chaos clearly demonstrates that immediate appeal would not conserve judicial resources or expedite the proceedings at either the trial or the appellate level.

We also note that as part of Rule 54(b) certification the trial court must provide a "brief reasoned statement" explaining its decision, unless the reasons therefor are "clearly apparent." *Fleet Bank*, 580 A.2d at 691 (citations omitted). Merely reciting the language of Rule 54(b) is not sufficient, as it does not provide the appellate court with an adequate basis for review. *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 757 (Me.1981). The order, drafted by Dravo, falls woefully short of compliance with this requirement. Not only does it lack the "brief reasoned statement" in a case where the reasons for certification are far from apparent, it also leaves in doubt which adjudicated claims were certified as final.

Adhering to our historic policy against piecemeal appellate review, we dismiss this appeal for lack of an appealable judgment.

The entry is:

Order certifying final judgment on the plaintiff's complaint vacated.

Appeal dismissed.

All concurring.