MELVIN R. CERNY AND LINDA CERNY, APPELLANTS AND CROSS-APPELLEES, AND GEOTECHNICAL SERVICES, INC., A NEBRASKA CORPORATION, APPELLEE, V. TODCO BARRICADE COMPANY, APPELLEE AND CROSS-APPELLANT.

733 N.W.2d 877

Filed June 29, 2007. No. S-05-877.

James D. Sherrets and Theodore R. Boecker, of Sherrets & Boecker, L.L.C., for appellants and appellee Geotechnical Services, Inc.

Thomas J. Culhane, of Erickson & Sederstrom, P.C., for appellee Todco Barricade Company.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.
Melvin R. Cerny and Linda Cerny appeal from a partial summary judgment order of the district court, which entered judgment against some of their claims, but reserved one claim for trial. The court certified its partial summary judgment as a final judgment pursuant to Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2006), but we conclude that the court abused its discretion in doing so. We vacate the court's certification of final judgment and dismiss the appeal.

## BACKGROUND
Melvin Cerny was injured in a traffic accident in Omaha, Nebraska, on August 7, 1998. At the time, Interstate 680 was under reconstruction, and Melvin was driving on one of the temporary entrance ramps that had been built to facilitate the project. Melvin slowed his vehicle in order to merge with traffic on Interstate 680 and was struck from behind by a vehicle driven by Curt Coffman. Melvin was seriously injured and suffered permanent disability. Generally summarized, the Cernys claim that the design and implementation of the temporary entrance ramp was a proximate cause of the accident.

The project, including the temporary ramp, was planned by the State Department of Roads (the State). Hawkins Construction Company (Hawkins) was the State's general contractor with respect to the temporary entrance ramp. Todco Barricade Company (Todco), the defendant in this action, was a subcontractor hired by Hawkins and approved by the State to perform work on the temporary entrance ramp.

In other proceedings, Melvin and his wife, Linda (hereinafter collectively Cerny), sued Coffman and his wife, Tammy Coffman (collectively Coffman). Cerny also sued Hawkins and the State. Cerny settled his claims with Coffman, Hawkins, and the State; as part of the settlement, each of those defendants assigned Cerny their claims for contribution and indemnity from Todco. Cerny brought the instant case against Todco as assignee

of those claims. In other words, this case involves six claims—a claim for contribution and a claim for indemnity on behalf of each of the three assignors.

Todco moved for summary judgment, which was granted in part by the district court. With respect to the contribution claims, the court found it was undisputed that Todco's alleged negligence, in the placement of temporary signs and barricades on the entrance ramp, was done at the express direction of Hawkins or the State. The court reasoned that Hawkins and the State were estopped from seeking contribution from Todco for acts performed at their direction, and entered judgment against Cerny on those assigned claims. Because that reasoning did not extend to Coffman, the court denied summary judgment on Coffman's assigned claim for contribution.

The court entered judgment against Cerny on all of the assigned indemnity claims. The court reasoned that Coffman was not contractually obligated to indemnify Todco, and a common-law indemnity claim failed because Coffman was actively negligent. The court concluded that under Todco's contract with Hawkins, Todco was required to indemnify Hawkins and the State only for damages resulting from breach of the contract, and Todco had not breached the contract. Although Todco deviated from the original plans for the entrance ramp without receiving a written change order, the court concluded that Hawkins and the State had waived any such requirement under the contract and had caused Todco to deviate from the plans by directing it to do so. In short, the court concluded that Hawkins and the State were estopped from seeking contribution from Todco for a breach of contract that they ordered, approved, and accepted.

After entering the partial summary judgment described above, the court entered an order, pursuant to § 25-1315(1), stating that there was no just reason for delay and directing the entry of final judgment with respect to the claims against which summary judgment had been entered. The court's order did not articulate the basis for this conclusion. The court further concluded that the remaining claim, Coffman's assigned claim for contribution from Todco, was an equitable claim that would be tried to the court, and not to a jury. Cerny appeals.

## ASSIGNMENTS OF ERROR

Cerny assigns, consolidated, that the court erred in (1) admitting portions of the affidavits offered by Todco at the summary judgment hearing, (2) concluding Todco was entitled to partial summary judgment on the indemnity and contribution claims assigned by Hawkins and the State, and (3) finding Cerny was not entitled to a jury trial on the Coffman contribution claim. Although Cerny also assigned error to the partial summary judgment on the Coffman indemnity claim, the argument in Cerny's appellate brief does not discuss that issue, so we do not discuss it either.[1] On cross-appeal, Todco assigns that the court erred in denying Todco's motion for summary judgment on the Coffman contribution claim because (1) Coffman is not entitled to contribution and (2) Coffman's contribution claim should have been decided in the underlying lawsuit.

## STANDARD OF REVIEW

■■■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2] A trial court's decision to certify a final judgment pursuant to § 25-1315(1) is reviewed for an abuse of discretion.[3]

## ANALYSIS

### LACK OF FINAL ORDER ON COFFMAN CONTRIBUTION CLAIM

■■■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.[4] In this case, Todco argues that Cerny's assignment of error with respect to a jury trial on the Coffman contribution claim is not properly presented on appeal, because it was not part of the partial summary judgment that the district court certified for appeal under § 25-1315(1). Our inquiry into

---

[1] See *Epp v. Lauby*, 271 Neb. 640, 715 N.W.2d 501 (2006).

[2] *Cumming v. Red Willow Sch. Dist. No. 179*, ante p. 483, 730 N.W.2d 794 (2007).

[3] See *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003).

[4] *Betterman v. Department of Motor Vehicles*, ante p. 178, 728 N.W.2d 570 (2007).

jurisdiction, however, is broader than Todco's argument. An appellate court, on its own motion, may examine and determine whether jurisdiction is lacking as the result of a procedural defect which prevents acquisition of appellate jurisdiction.[5] The procedural posture of this case presents several issues arising under § 25-1315(1).

Section 25-1315(1) provides that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Section 25-1315 permits a judgment to become final only under the limited circumstances set forth in the statute.[6] By its terms, § 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved, and a final judgment is entered as to one of the parties or causes of action.[7]

The term "final judgment" as used in § 25-1315(1) is the functional equivalent of a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995). Thus, a "final order" is a prerequisite to an appellate court's obtaining jurisdiction of an appeal initiated pursuant to § 25-1315(1).[8] With

---

[5] *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994). See, also, *Gerardi v. Pelullo*, 16 F.3d 1363 (3d Cir. 1994); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir. 1988).

[6] *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005).

[7] *Id.*

[8] *Bailey, supra* note 3.

the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.[9] In other words, to be appealable, an order must satisfy the final order requirements of § 25-1902 and, additionally, where implicated, § 25-1315(1).[10]

Neither Cerny's assignment of error with respect to the denial of a jury trial on the Coffman contribution claim nor Todco's cross-appeal with respect to the denial of its motion for summary judgment on the Coffman contribution claim is properly appealable pursuant to §§ 25-1902 and 25-1315(1). The district court did not enter a "final judgment," i.e., final order, with respect to the Coffman contribution claim. The district court's order directing final judgment pursuant to § 25-1315(1) expressly directed that "the summary judgments previously entered herein" should be considered final judgments, but did not direct a final judgment with respect to the Coffman contribution claim.[11] Nor could it have done so.

■ A denial of a motion for summary judgment is an interlocutory order, not a final order, and therefore not appealable.[12] The court's denial of a jury trial did not determine the action and prevent a judgment, was not made during a special proceeding, and was not made on summary application in an action after judgment had been rendered.[13] Nor do the issues raised on appeal with respect to the Coffman contribution claim bear

---

[9] *Id.*

[10] *Malolepszy, supra* note 6.

[11] See *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005).

[12] *Big River Constr. Co. v. L & H Properties*, 268 Neb. 207, 681 N.W.2d 751 (2004).

[13] See, § 25-1902; *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

directly on the correctness of the claims against which a final judgment was directed.[14] In short, because no final order was entered on the Coffman contribution claim as required by § 25-1902, the court could not have directed a final judgment as to that claim within the meaning of § 25-1315(1), and no issue bearing on that claim is before us in this appeal.

### ABUSE OF DISCRETION IN CERTIFYING FINAL JUDGMENT ON OTHER CLAIMS

The contribution and indemnification claims assigned by Hawkins and the State present more difficult issues. Contribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification.[15] Under Nebraska law, indemnification is available when one party is compelled to pay money which in justice another ought to pay, or has agreed to pay, unless the party making the payment is barred by the wrongful nature of his or her conduct.[16] Indemnification is distinguishable from the closely related remedy of contribution in that the latter involves a sharing of the loss between parties jointly liable.[17]

It is questionable whether contribution and indemnity are separate causes of action, as opposed to theories of recovery,[18] and our research has revealed no authority helpful to deciding whether similar claims that had previously belonged to separate parties remain separate "claims for relief" when they are assigned to one party. But we do not find it necessary to decide these issues in this proceeding, because we conclude that even if the district court's partial summary judgment *could* be designated as a final judgment pursuant to § 25-1315(1), the court

---

[14] See, *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006); *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

[15] *Smith v. Kellerman*, 4 Neb. App. 178, 541 N.W.2d 59 (1995).

[16] *Warner v. Reagan Buick*, 240 Neb. 668, 483 N.W.2d 764 (1992).

[17] *Id.*

[18] See *Saunders County v. City of Lincoln*, 263 Neb. 170, 638 N.W.2d 824 (2002). See, also, *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990).

abused its discretion in doing so.[19] Although Todco has not challenged the certification on appeal, we address the issue because our ability to review the merits of the appeal depends on whether it was properly certified.[20]

 In deciding whether to grant § 25-1315(1) certification, a trial court must address two distinct issues. A trial court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.[21] Once having found finality, the trial court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.[22] It is left to the trial court's discretion, to be exercised in the interest of sound judicial administration, to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.[23]

We have not previously considered a trial court's determination that there is no just reason to delay the entry of a final judgment. Because § 25-1315(1) is substantially similar to Fed. R. Civ. P. 54(b), we look to federal cases applying rule 54(b), and state cases arising under similar rules, for guidance in applying § 25-1315(1).[24]

---

[19] See *Bailey, supra* note 3. See, also, *Gerardi, supra* note 5; *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482 (1st Cir. 1993).

[20] See, *Credit Francais Intern., S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698 (1st Cir. 1996); *Monument Mgt. Ltd. Partnership v. Pearl, Miss.*, 952 F.2d 883 (5th Cir. 1992); *Indiana Harbor Belt R. Co. v. American Cyanamid*, 860 F.2d 1441 (7th Cir. 1988); *Spiegel, supra* note 5; *Long v. Wickett*, 50 Mass. App. 380, 737 N.E.2d 885 (2000).

[21] *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980).

[22] *Id.*

[23] See *id.*

[24] See *Malolepszy, supra* note 6.

Prior to the enactment of § 25-1315, an order that effected a dismissal with respect to one of multiple parties was a final, appealable order, and the complete dismissal with prejudice of one of multiple causes of action was a final, appealable order, but an order dismissing one of multiple theories of recovery, all of which arose from the same set of operative facts, was not a final order for appellate purposes.[25] Section 25-1315 was an evident attempt by the Legislature to simplify the issue and clarify many of the questions regarding final orders when there are multiple parties and claims.[26] In other words, § 25-1315(1) was intended to *prevent* interlocutory appeals, not make them easier.[27] It attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties.[28]

Therefore, it is well established in every other jurisdiction to have considered a similar rule that certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.[29] The power § 25-1315(1) confers upon the trial judge should only be used "'"in the infrequent harsh case"'"' as an instrument for the improved administration of justice, based on the likelihood of injustice or

---

[25] *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

[26] *Id.*

[27] See, *Astro-Med, Inc. v. R. Moroz, Ltd.*, 811 A.2d 1154 (R.I. 2002); *Planning Board v. Mortimer*, 310 Md. 639, 530 A.2d 1237 (1987).

[28] See, *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279 (6th Cir. 1986); *Jasmin v. Dumas*, 726 F.2d 242 (5th Cir. 1984); *Noble v. Colwell*, 44 Ohio St. 3d 92, 540 N.E.2d 1381 (1989); *Cox v. Howard, Weil, Labouisse, et al.*, 512 So. 2d 897 (Miss. 1987).

[29] See *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Accord, e.g., *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 (11th Cir. 1997); *Spiegel, supra* note 5; *Peterson v. Zerr*, 443 N.W.2d 293 (N.D. 1989). See, also, *Dzwonkowski v. Sonitrol of Mobile, Inc.*, 892 So. 2d 354 (Ala. 2004); *Cox, supra* note 28.

hardship to the parties of a delay in entering a final judgment as to part of the case.[30]

As a general principle, in deciding whether there are no just reasons to delay the appeal of individual final judgments, a trial court must take into account judicial administrative interests as well as the equities involved.[31] Consideration of the former is necessary to ensure that application of § 25-1315(1) effectively preserves the general policy against piecemeal appeals.[32] Plainly, sound judicial administration does not require that certification requests be granted routinely.[33] Therefore, entry of judgment under § 25-1315(1) should not be indulged as a matter of routine.[34] Section 25-1315(1) was simply not meant to be employed in the absence of sufficiently compelling circumstances.[35]

But there is nothing in the record in this case supporting a conclusion that this is a special case deserving of certification as a final judgment.[36] Nothing in the record "suggests a pressing, exceptional need for immediate appellate intervention, or grave injustice of the sort remediable only by allowing an appeal to be taken forthwith, or dire hardship of a unique kind."[37]

---

[30] See *Corrosioneering, supra* note 28, 807 F.2d at 1282, quoting Fed. R. Civ. P. 54 advisory committee note. See, e.g., *Ebrahimi, supra* note 29; *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944 (7th Cir. 1980); *Davis v. Farmland Mut. Ins. Co.*, 669 N.W.2d 713 (S.D. 2003); *Weinstein v. Univ. of Mont., at Missoula*, 271 Mont. 435, 898 P.2d 101 (1995); *Noble, supra* note 28; *Peterson, supra* note 29; *Planning Board, supra* note 27.

[31] *Curtiss-Wright Corp., supra* note 21. See, also, *Cox, supra* note 28.

[32] See *Curtiss-Wright Corp., supra* note 21. See, also, *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005).

[33] See *Curtiss-Wright Corp., supra* note 21.

[34] See, *Spiegel, supra* note 5; *Hardie v. Cotter and Co.*, 819 F.2d 181 (8th Cir. 1987); *Corrosioneering, supra* note 28; *Long, supra* note 20; *Sundial Press v. City of Albuquerque*, 114 N.M. 236, 836 P.2d 1257 (N.M. App. 1992); *Allstate Ins. Co. v. Angeletti*, 71 Md. App. 210, 524 A.2d 798 (1987).

[35] See, *Spiegel, supra* note 5; *Long, supra* note 20.

[36] See *Hardie, supra* note 34. See, also, *Long, supra* note 20.

[37] See *Spiegel, supra* note 5, 843 F.2d at 45-46. Accord *Peterson, supra* note 29.

There is no evidence, or even argument, establishing any injustice or hardship to the parties from a delay in entering final judgment, and as will be explained more fully below, the interrelationship of the issues remaining for trial weighs heavily against certification.

 We note, however, that our review of the district court's certification would have been greatly assisted had the district court explained its reasoning for concluding that there was no just reason to delay the entry of final judgment. When a trial court concludes that entry of judgment under § 25-1315(1) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order.[38] The reason for this is twofold: it helps the trial judge to sort out and weigh the competing considerations in his or her own mind, and it permits an appellate court to effectively review the ruling.[39] Here, the district court's order simply quoted the statutory language, but did not explain why, on the facts of this case, the court concluded certification was appropriate. It is difficult to review the trial court's exercise of discretion when the court does not explain its reasoning.[40]

The record does contain Cerny's motion requesting certification, and in the absence of any other explanation, we assume that the trial court adopted Cerny's reasoning. But the grounds for Cerny's motion not only fail to show that certification was appropriate, they affirmatively demonstrate that it was not. Cerny contended that the "remaining claims pending pursuant to [Coffman's] assignment arise out of the same incident, and would be predicated on the same witnesses and testimony, including expert witness testimony, as the claims assigned by the State . . . and Hawkins." Courts have uniformly held that the

---

[38] See *id.* See, also, *Corrosioneering, supra* note 28; *Davis, supra* note 30; *Cox, supra* note 28; *Cole v. Peterson Realty, Inc.*, 432 A.2d 752 (Me. 1981); *Sundial Press, supra* note 34; *Acme Engineering & Mfg. v. Airadyne Co., Inc.*, 9 Mass. App. 762, 404 N.E.2d 693 (1980).

[39] See, *Spiegel, supra* note 5; *Brunswick Corp. v. Sheridan*, 582 F.2d 175 (2d Cir. 1978).

[40] See *Corrosioneering, supra* note 28.

presence of such overlapping claims counsels against certification, not in favor of it.[41]

■ As previously explained, certification of a final judgment requires a court to determine whether the case is the "unusual case" in which potential hardship to the litigants outweighs the strong policy against piecemeal appeals.[42] Courts considering certification of a final judgment have weighed factors such as (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[43]

■ The U.S. Supreme Court has observed that as a starting point, it is appropriate for the trial court to consider whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would ever have to decide the same issues more than once even if there were subsequent appeals.[44] The trial court should carefully compare the dismissed and unadjudicated claims for indications of substantial overlap to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact, to the

---

[41] See *Kersey, supra* note 19.

[42] See, *Ebrahimi, supra* note 29; *Spiegel, supra* note 5; *Morrison-Knudsen Co., Inc., supra* note 29; *Dzwonkowski, supra* note 29; *Peterson, supra* note 29; *Cox, supra* note 28.

[43] See, e.g., *Corrosioneering, supra* note 28; *Bank of Lincolnwood, supra* note 30; *Urban Renewal v. Oklahoma City*, 110 P.3d 550 (Okla. 2005); *Davis, supra* note 30; *Weinstein, supra* note 30; *Fleet Bank of Maine v. Hoff*, 580 A.2d 690 (Me. 1990); *Peterson, supra* note 29.

[44] *Curtiss-Wright Corp., supra* note 21.

detriment of judicial efficiency.[45] An appellate court must then scrutinize the trial court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units.[46]

A court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues.[47] In a case in which the issues are intertwined, the trial court might wish to reconsider its dismissal of certain claims on the complete fact record developed at trial—an option permanently foreclosed by certification of a final judgment.[48] A complete factual record will also assist in final appellate review and decrease the likelihood of inconsistent decisions.[49] When the dismissed and surviving claims are factually and legally overlapping or closely related, fragmentation of the case is to be avoided except in "'unusual and compelling circumstances.'"[50]

Furthermore, judicial administrative interests may not be served if the possibility exists that the need to review the issues appealed may be mooted by future developments in the trial court.[51] The potential that claims remaining in the trial court

---

[45] See, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006); *Kersey, supra* note 19; *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698 (7th Cir. 1984); *Urban Renewal, supra* note 43; *Davis, supra* note 30; *Astro-Med, Inc., supra* note 27; *Peterson, supra* note 29.

[46] *Sussex Drug Products, supra* note 18. See, also, *Astro-Med, Inc., supra* note 27.

[47] *Gerardi, supra* note 5.

[48] *Interstate Power v. Kansas City Power*, 992 F.2d 804 (8th Cir. 1993). See, also, *Milbank Mut. Ins. Co. v. Carrier Corp.*, 112 Idaho 27, 730 P.2d 947 (1986).

[49] See *Davis, supra* note 30. See, also, *Peterson, supra* note 29.

[50] *Long, supra* note 20, 50 Mass. App. at 389, 737 N.E.2d at 896, quoting *Spiegel, supra* note 5, and *Kersey, supra* note 19. Accord *Astro-Med, Inc., supra* note 27.

[51] See, *Gerardi, supra* note 5; *Cole, supra* note 38; *Long, supra* note 20.

could obviate claims in the appellate court is a consideration against immediate appealability.[52] Another factor that has been considered is whether, notwithstanding the entry of partial judgment, the action remains pending for trial below as to all of the parties. This alone counsels hesitation in the use of § 25-1315(1). It will be a rare case where § 25-1315(1) can appropriately be applied when the contestants on appeal remain, at the same time, contestants below.[53]

When these principles are applied to the instant case, it appears that the district court did not fully consider the interrelationship between the claims when it certified its partial summary judgment. When Cerny explains that the disposition of the claims assigned by Hawkins and the State "would effect [sic] the trial and the manner" in which the Coffman claim is adjudicated, Cerny is confirming an interrelationship among the claims that militates *against* certification of a final judgment.[54] "It does not strike us as betokening sound judicial administration for an appellate court and a trial court to be simultaneously passing upon different legal theories in a situation involving the same parties and, basically, the same facts."[55] Relying on such considerations would lead to requests of appellate courts to render advisory opinions in order to facilitate settlement or speed the process in trial courts.[56] This is beyond the scope of § 25-1315(1), and trial courts should resist the temptation to certify difficult issues for interlocutory review.[57]

Cerny also contended that certification of a final judgment would potentially resolve one of Todco's defenses to the Coffman contribution claim and would "likely give guidance to the question as to whether or not the matter should be

---

[52] See, *Spiegel, supra* note 5; *Fleet Bank of Maine, supra* note 43; *Peterson, supra* note 29; *Sundial Press, supra* note 34.

[53] See *Spiegel, supra* note 5. See, also, *Brunswick Corp., supra* note 39.

[54] See *Spiegel, supra* note 5.

[55] *Id.* at 45. Accord *Urban Renewal, supra* note 43.

[56] See *Weinstein, supra* note 30. See, also, *Cole, supra* note 38.

[57] See *id.*

tried as one in equity or at law to a jury." This is incorrect. As previously explained, the Coffman contribution claim could not be certified as a final judgment, even if a summary judgment as to other claims could be properly certified. As we have stated, § 25-1315(1) "does not . . . provide 'magic words,' the invocation of which transforms any order into a final judgment for purposes of appeal."[58]

Cerny also contended that permitting an interlocutory appeal would prevent the need for a retrial, should a reversal result from an appeal of a judgment disposing of all the claims alleged. But such a potential is rarely, if ever, a sufficient basis for a § 25-1315(1) certification, because virtually *any* interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial.[59] Every party seeking certification may eventually appeal the judgment in question. If the promise of an appeal were seriously considered in analyzing every request for certification, then virtually every party seeking certification would be successful. But the benefit of potentially avoiding a retrial is generally outweighed by the certainty of fracturing the case's appellate review with an interlocutory appeal.

Simply stated, while there are variations among the assigned claims that Cerny alleges, the underlying issues are basically the same: Did Todco act wrongfully and did Todco's actions cause damages to Cerny that other parties were compelled to pay? The court's findings with respect to Todco's negligence could, conceivably, moot the issues raised in this appeal, and render our judgment advisory. Furthermore, where multiple tort-feasors are alleged, apportionment issues are presented that make it difficult, if not impossible, to separate the claims with respect to the different alleged tort-feasors.[60]

---

[58] *Keef, supra* note 25, 262 Neb. at 629, 634 N.W.2d at 758.

[59] See, *Kersey, supra* note 19; *Spiegel, supra* note 5; *Weinstein, supra* note 30; *Peterson, supra* note 29.

[60] See, generally, Neb. Rev. Stat. § 25-21,185.10 (Reissue 1995); *Harsh International v. Monfort Indus.*, 266 Neb. 82, 662 N.W.2d 574 (2003); *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001); *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

That situation is even more pronounced in this case, because it seems clear that Todco's defense, even to the Coffman contribution claim, will involve the extent to which it could justifiably rely on instructions it claims to have received from Hawkins or the State. The questions we are asked to decide now, on a summary judgment record, are in effect still pending for a trial that will, presumably, further illuminate the issues, both for the trial court and this court. "The interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here also suggests that it was not in the interests of sound judicial administration for the district court to certify this judgment as final."[61] Because the claims have so much factual overlap, for the purpose of requiring their adjudication prior to an appeal, they should be treated as the functional equivalent of nonseverable claims.[62]

In short, we conclude that the court abused its discretion in certifying its partial summary judgment as final under § 25-1315(1). There is nothing in the record suggesting unusual hardship for the parties in the absence of an immediate appeal, and the interrelationship of the factual and legal issues presented in the adjudicated and pending claims is too pronounced for this to be the unusual case in which the general policy against piecemeal appeals is outweighed.[63] Since § 25-1315(1) was erroneously applied, there is no final order present in this case. We vacate the court's order certifying a final judgment and, lacking jurisdiction, dismiss this appeal.

## CONCLUSION

For the reasons stated above, we vacate the district court's certification of final judgment and dismiss the appeal.

ORDER VACATED, AND APPEAL DISMISSED.

---

[61] *Sussex Drug Products, supra* note 18, 920 F.2d at 1156. See *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922 (7th Cir. 2004).

[62] See *Urban Renewal, supra* note 43.

[63] See, *Curtiss-Wright Corp., supra* note 21; *Morrison-Knudsen Co., Inc., supra* note 29.