BARBARA MURPHY, APPELLANT, V.
WILLIAM BROWN ET AL., APPELLEES.
738 N.W.2d 466

Filed August 28, 2007.    No. A-06-243.

Terrence J. Salerno for appellant.

Stephen G. Olson II and Karen Weinhold, of Engles, Ketcham, Olson & Keith, P.C., for appellee Jimmy's Place.

IRWIN, SIEVERS, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Barbara Murphy appeals from a summary judgment dismissing her complaint only as to Jimmy's Place, formerly known as Turf Lounge (Turf Lounge), whose employee allegedly parked a vehicle so as to obstruct the view of a driver exiting Turf Lounge's parking lot. Murphy's claim against William Brown, a bar patron whose vehicle struck Murphy's automobile, continues

to await disposition in the district court. Because the Nebraska Supreme Court's recent decision interpreting Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2006) compels the conclusion that in the instant case the district court abused its discretion in invoking § 25-1315(1), we lack jurisdiction and must dismiss the appeal.

## BACKGROUND

As we describe in more detail below, this is the second appearance of this case in this court. On January 29, 2004, Murphy filed an amended complaint naming as defendants Brown, Turf Lounge, and "John Doe, exact name unknown, [an] employ[ee] of [Turf Lounge]." Murphy alleged that on August 27, 2000, at approximately 9:25 p.m., she was driving eastbound on Center Street in Omaha, Nebraska, approaching the intersection with 60th Street. Murphy's vehicle was traveling in the curb lane, traversing the area adjacent to the premises of Turf Lounge. At that time, a vehicle driven by Brown pulled into Center Street from the parking lot behind Turf Lounge, broadsiding Murphy's car. Murphy alleged that as Brown pulled out of Turf Lounge's parking lot, Brown's "vision was obscured due to the fact that the bartender was allowed to park his pick-up truck on the street side curb in front of the bar, obscuring vision of oncoming traffic." Murphy alleged that a cause of the crash was Brown's negligence in failing to keep a proper lookout, in failing to yield the right-of-way, and in operating his vehicle while he was in an impaired condition.

Murphy further alleged that Turf Lounge was negligent in allowing employees to park on the street-side curb in front of the building and in ignoring complaints of patrons that the employees' parking practice obstructed the view of patrons exiting the parking lot. Murphy claimed that the negligence of the bartender was a contributing cause of the collision and that because the bartender was acting within the course and scope of his employment in parking his vehicle at that location, the bartender's actions were imputed to Turf Lounge by the doctrine of respondeat superior. Turf Lounge filed an answer disputing Murphy's allegations.

On March 31, 2004, Turf Lounge filed a motion for summary judgment. On April 28, the district court conducted a hearing on Turf Lounge's motion. The parties produced evidence primarily consisting of two photographs, an affidavit, and Brown's deposition. The evidence focused on prior complaints regarding the location of the employee's parked vehicle and on the nature of the obstruction.

On June 22, 2004, the district court entered its order sustaining Turf Lounge's motion for summary judgment and dismissing Murphy's petition as against Turf Lounge. However, the court's six-page order, which discussed the court's analysis regarding the issues of negligence pertaining to Turf Lounge, did not make the "express determination that there [was] no just reason for delay" or the "express direction for the entry of judgment" authorized by § 25-1315(1). On July 9, Murphy attempted to appeal. This court noted the absence of the § 25-1315(1) determination and direction. On January 25, 2006, this court, without opinion, dismissed Murphy's first appeal for lack of jurisdiction.

After the matter returned to the district court, that court reaffirmed its earlier order granting summary judgment, incorporating the original order by reference. The new order, however, made the express determination and the express direction contemplated by § 25-1315(1). Murphy timely appealed to this court.

Three days after the parties presented their oral arguments in the instant appeal, the Nebraska Supreme Court released its opinion in *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007). We sought, from the parties, supplemental briefs addressing the impact of the *Cerny* decision on the case before us, and we have considered the parties' responses.

## ASSIGNMENTS OF ERROR

Murphy makes five assignments of error, which we consolidate for discussion to two. First, Murphy asserts that the district court erred in failing to allow the matter to proceed for discovery before granting summary judgment. Second, Murphy asserts that the court erred in granting Turf Lounge's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Johnson v. Knox Cty. Partnership*, 273 Neb. 123, 728 N.W.2d 101 (2007).

■ The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *Livengood v. Nebraska State Patrol Ret. Sys.*, 273 Neb. 247, 729 N.W.2d 55 (2007).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Cerny v. Todco Barricade Co., supra.* Our discussion from this point forward assumes the reader's familiarity with both the text of § 25-1315 and the decision in *Cerny*.

■ The *Cerny* decision teaches that where a trial court has invoked § 25-1315(1) to make appealable an otherwise interlocutory order, the appellate court's jurisdiction "depends on whether it was properly certified." *Cerny v. Todco Barricade Co.*, 273 Neb. at 808, 733 N.W.2d at 885. If the trial court has abused its discretion in certifying an order as final under § 25-1315(1), there is no final order before the appellate court and, thus, no jurisdiction of the appeal.

■ There are three elements constituting a § 25-1315(1) certification. With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. *Cerny v. Todco Barricade Co., supra.* The case before us clearly involves multiple parties, satisfying the first element. Likewise, the second element has been met. The district court's order granting Turf Lounge's motion for summary judgment and dismissing

Murphy's claim represents a final judgment as to Turf Lounge. See *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005). Ultimately, the third element controls our decision. Our jurisdiction depends upon whether the trial court abused its discretion in making the "express determination" and "express direction" required by § 25-1315(1).

In the instant case, as in *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007), the trial court did not explain the reasoning behind the court's § 25-1315(1) determination. We are confident that from this point forward, trial court judges will follow the dictate in *Cerny* to make specific findings rather than merely reciting the statutory language. In the instant case, despite not having the benefit of such reasons, we examine the facts in light of the following factors summarized in *Cerny*:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

273 Neb. at 812, 733 N.W.2d at 888.

This case presents an issue regarding whether Turf Lounge could anticipate or contemplate that Brown would proceed to exit the parking lot despite the existence of the obstruction. The facts underlying Murphy's claims against Brown and Turf Lounge are intertwined. Like the Supreme Court in *Cerny*, "[t]he questions we are asked to decide now, on a summary judgment record, are in effect still pending for a trial that will, presumably, further illuminate the issues, both for the trial court and this court." 273 Neb. at 816, 733 N.W.2d at 890. Further, the parties in this appeal have not asserted that a delay in entering a final judgment as to all parties would cause a hardship.

*Cerny* instructs:

> [C]ertification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

273 Neb. at 809, 733 N.W.2d at 886. Murphy argues in her supplemental brief that certification was proper because no further action or claim remained between Murphy and Turf Lounge. She cites to *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991), for the proposition that there is no just reason for delay of an appeal when the rights and liabilities between two parties are fully litigated and nothing remains to be done as to the action between those parties. However, the factors from *Cerny* mentioned above, as applied to the instant case, simply do not demonstrate that it is the "unusual case" for which certification would be appropriate. Further, we observe that the *Genty* court stated that "[t]he district court's discretionary decision to certify . . . must be accompanied by a statement of reasons explaining the court's conclusion." 937 F.2d at 905. We also observe that the *Genty* opinion shows that the trial court found no just reason for delay only after it set forth a number of findings to support such determination. Again, in the instant case, the district court gave no explanation for its certification.

As the Nebraska Supreme Court noted in *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007), it had not previously considered a trial court's determination under § 25-1315(1) that there was no just reason to delay the entry of a final judgment. Although we ultimately conclude that the district court in the instant case abused its discretion in certifying the judgment as final, we recognize that it did so without the guidance of the reasoning contained in the *Cerny* decision.

## CONCLUSION

We conclude that the district court abused its discretion in certifying its summary judgment as final under § 25-1315(1). We therefore vacate the district court's order certifying a final

judgment, and because there is no final order, we dismiss the appeal for lack of jurisdiction.

ORDER VACATED, AND APPEAL DISMISSED.