747 N.W.2d 447 (2008)
16 Neb. App. 452
Courtney S. JONES, individually and as Personal Representative of the Estate of Richard E. Jones, deceased, appellant,
v.
Ronald L. JONES and Jean Marie Jones, appellees.
No. A-05-1076.
Court of Appeals of Nebraska.
February 26, 2008.
*449 R.K. O'Donnell, Robert B. Reynolds, and James R. Korth, of McGinley, O'Donnell & Reynolds, P.C., L.L.O., Ogallala, for appellant.
Terrance O. Waite and S. David Schreiber, of Waite, McWha & Harvat, North Platte, for appellees.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
INBODY, Chief Judge.

INTRODUCTION
Courtney S. Jones, personal representative of the estate of her late husband, Richard E. Jones, appeals the order of the district court for Dundy County, in her suit against her in-laws Ronald L. Jones and Jean Marie Jones, that sustained Ronald and Jean Marie's motion for directed verdict on Courtney's cause of action for an accounting. We dismiss this appeal, case No. A-05-1076, for lack of jurisdiction.

STATEMENT OF FACTS
Courtney, personal representative of Richard's estate, filed a petition against Ronald and Jean Marie, alleging, inter alia, that a partnership existed between Richard and Ronald, and seeking, in its first cause of action, an accounting regarding the alleged partnership. The petition asserted three additional causes of action: delivery, conversion, and material misrepresentation.
A trial was held on the cause of action for an accounting, and after the close of evidence, the trial court sustained Ronald and Jean Marie's motion for a directed verdict. In announcing its ruling from the bench, the trial court stated:
[F]or appeal purposes, if you're thinking about appealing this we should probably enter an order today that says that's a final order, so that it is, because you have those other three.
...
... I just wanted to point out that if there are any considerations regarding an appeal, that you may wish to have that clearly stated that it's a final order so you don't get up there and have it come back again.
The trial court specifically found that there was "no evidence regarding a partnership of any type or kind." In a journal entry, the trial court stated, "The Court ordered that [Courtney] is not entitled to an accounting on any theory presented and the first cause of action is dismissed." Courtney filed a motion for new trial, and the trial court overruled the motion, stating, "[T]he order overruling the Motion for New Trial should be and hereby is designated as a final order for purposes of appeal." In a docket entry, the trial court stated that its ruling "regarding the accounting was and is a final order and there was no reason to delay that ruling."
On September 8, 2005, Courtney filed a notice of appeal from the order overruling the motion for new trial and the journal entry dismissing her accounting cause of action, and the appeal was docketed as case No. A-05-1076. Courtney's brief alleges a sole assignment of error: that the trial court erred in granting a directed verdict in favor of Ronald and Jean Marie. *450 She does not assign or argue that the trial court erred in overruling her motion for new trial.
In the trial court, Ronald and Jean Marie filed a motion for summary judgment as to Courtney's remaining causes of action for delivery, conversion, and material misrepresentation. On September 27, 2005, the trial court entered a journal entry sustaining the motion for summary judgment, specifically finding that Courtney had testified under oath that "she knows of no activity of [Ronald and Jean Marie] that would give rise to her causes of action," and dismissed Courtney's petition. On the same day, Courtney filed a notice of appeal of the trial court's order that granted Ronald and Jean Marie's motion for summary judgment. That appeal was docketed as case No. A-05-1176.
On October 14, 2005, we dismissed case No. A-05-1076 with the following docket sheet minute entry:
Appeal dismissed by the court pursuant to Rule 7A(2). The district court's order is not a final and appealable order because it did not dispose of all the claims of all the parties as required by Neb. Rev.Stat. § 25-1315(Cum.Supp.2004). It is clear from the record that at least a counterclaim is still pending and possibly other causes of action.
It later came to our attention that the counterclaim referenced in this minute entry was erroneous because it was not in the present litigation, but instead in another suit which involved the same parties and which is not before this court at this time.
On October 21, 2005, Courtney filed a motion for reconsideration/motion to consolidate, requesting that we reconsider our dismissal of case No. A-05-1076 (cause of action for accounting) and consolidate it with case No. A-05-1176 (causes of action for delivery, conversion, and material mis-representation). On December 22, we denied the motion on the basis that the order appealed from in case No. A-05-1076 did not dispose of all of Courtney's claims, and we denied the motion to consolidate. Thus, case No. A-05-1076 was dismissed for lack of a final order, and case No. A-05-1176 remained pending and has remained so throughout the appellate history of the litigation.
Subsequently, we reinstated case No. A-05-1076 and consolidated it with case No. A-05-1176 with the following docket sheet minute entry:
It has come to the attention of the Court that the issues contained in A-05-1076 and A-05-1176 are interwoven and involved all four causes of action from the lower court. At the time that the appeal in A-05-1176 was filed, all issues had been disposed of by the district court and these cases should have been consolidated for appeal to this court. Although a previous motion to consolidate was denied, "[t]hrough this court's inherent judicial power, which is that power essential to the court's existence, dignity, and functions, we have authority to do all things that are reasonably necessary for the proper administration of justice." State v. Moore, 273 Neb. 495, 497, [730] N.W.2d [563], [564] (2007). Therefore, the mandate in A-05-1076 is hereby recalled and the appeal is reinstated. Case Nos. A-05-1076 and A-05-1176 are consolidated for oral argument and disposition.
On August 24, 2007, Ronald and Jean Marie filed a motion for dismissal of case No. A-05-1076 pursuant to Neb. Ct. R. of Prac. 7B() (rev.2001), arguing that this court lacked jurisdiction. We heard oral arguments on both case No. A-05-1076 and case No. A-05-1176.

*451 ASSIGNMENT OF ERROR
In case No. A-05-1076, Courtney alleges that the trial court erred in sustaining Ronald and Jean Marie's motion for directed verdict on her cause of action for an accounting.

STANDARD OF REVIEW
In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. Livingston v. Metropolitan Util. Dist., 269 Neb. 301, 692 N.W.2d 475 (2005). A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, when an issue should be decided as a matter of law. Gerhold Concrete Co. v. St. Paul Fire & Marine Ins., 269 Neb. 692, 695 N.W.2d 665 (2005).

ANALYSIS
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Hallie Mgmt. Co. v. Perry, 272 Neb. 81, 718 N.W.2d 531 (2006). Ronald and Jean Marie's latest motion asks us to consider whether the directed verdict from which Courtney now appeals was a final order for purposes of appeal. An appellate court is without jurisdiction to entertain appeals from nonfinal orders. Id.
As described above, the trial court apparently attempted to certify as final the judgment for directed verdict out of which this appeal arises. In the recent case of Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007), the Nebraska Supreme Court considered the conditions under which a trial court could certify a judgment as final under Neb.Rev. Stat. § 25-1315(1) (Cum.Supp.2006), which provides:
[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....
The court stated that when a trial court concludes that entry of judgment under § 25-1315(1) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order. Cerny v. Todco Barricade Co., supra. The court also discussed the criteria a trial court must consider in deciding whether to certify a final judgment under § 25-1315(1):
[C]ertification of a final judgment requires a court to determine whether the case is the "unusual case" in which potential hardship to the litigants outweighs the strong policy against piecemeal appeals. Courts considering certification of a final judgment have weighed factors such as (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; *452 (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Cerny v. Todco Barricade Co., 273 Neb. at 812, 733 N.W.2d at 888. Under these factors, the court concluded that the trial court had abused its discretion in certifying a partial summary judgment as final under § 25-1315(1), vacated the order certifying a final judgment, and dismissed the appeal for lack of jurisdiction.
In the case before us, the trial court failed to state specific findings setting forth the reasons for its order as required by Cerny v. Todco Barricade Co., supra. Even if we were to assume the trial court's brief, unsigned docket entry was sufficient to certify the directed verdict as a final order, it appears that the nature of Courtney's claims is such that the trial court abused its discretion in attempting to certify the judgment as final. Courtney's claims are clearly interwoven. Courtney's primary claim in her cause of action for an accounting is that a partnership existed. The existence of a partnership is also important to her remaining claims of delivery, conversion, and material misrepresentation, although the absence of a partnership would not entirely vitiate her appeal from the summary judgment on her causes of action for conversion and material misrepresentation. Indeed, the piecemeal nature of the appeals in this case has occasioned the use of more judicial resources than a single appeal would have required. Based on Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007), we conclude that the trial court did not certify its order for a directed verdict as a final order.

CONCLUSION
Based on the foregoing, we conclude that we do not have jurisdiction over case No. A-05-1076, and accordingly dismiss the appeal.
APPEAL DISMISSED.