766 N.W.2d 418 (2009)
17 Neb. App. 505
Rachelle R. HALAC, appellant,
v.
Joseph GIRTON and Alejandro Vasquez, appellees.
No. A-08-784.
Court of Appeals of Nebraska.
April 7, 2009.
*420 Terrence J. Salerno, Omaha, for appellant.
Dennis J. Mullin for appellee Alejandro Vasquez.
INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.
SIEVERS, Judge.
This appeal presents the issue of whether a summary judgment entered in favor of one of two defendants in a multiple vehicle collision is properly certifiable as an immediately appealable order. The district court found that its order was immediately appealable under Neb.Rev.Stat. § 25-1315(1) (Reissue 2008), although the case against the other defendant was still pending and unresolved in the district court.

FACTUAL BACKGROUND
This lawsuit involves a four-car accident occurring on July 31, 2002, in which Rachelle R. Halac, the plaintiff, claims she was injured. Halac testified in her deposition that she was traveling westbound on Leavenworth Street in Omaha when she stopped behind a white van for a red light at Leavenworth's intersection with Turner Boulevard. The defendant Alejandro Vasquez was traveling behind Halac, and the defendant Joseph Girton was traveling behind Vasquez. Halac testified that she came to a complete stop at the intersection and was waiting for the light to change when she "heard a squealing of tires, [she] heard a crash, and then another, which at that point lurched [her] forward, sent things around [her] car. For example, things that were in the backseat were now in the front seat." Throughout her testimony, Halac was very clear that she felt only one impact, although her car was pushed into the van stopped 10 feet in front of herwhich latter collision she described merely as a "bump"; "it was not an impact." We now turn to the testimony of the two defendants, beginning with Vasquez.
Vasquez was then an 18-year-old unlicensed driver who testified in his deposition that he had never driven before the day of the accident. Vasquez testified that he was going 30 miles per hour as he approached the intersection where the accident occurred. He then testified that he was 5 feet behind the "blue Cavalier" (Halac's vehicle) when he first saw it and that the blue Cavalier was stopped at the time. Vasquez said that he hit his brakes while going 30 miles per hour and that he was able to stop within 5 feet without hitting the blue Cavalier. Vasquez said that he did not remember seeing the "red car" (Girton's vehicle) before it hit him from the rear at a time when Vasquez had his foot on the brake. When asked about Girton's testimony that Vasquez was going to turn north onto Turner Boulevard, Vasquez said that was not correct. In his redirect deposition testimony, Vasquez answered affirmatively when asked if he "appl[ied his] brakes and just c[a]me to a normal gradual stop behind the blue Cavalier," and he testified that he was stopped "[l]ike, five seconds" before his vehicle was rear-ended.
Girton, the driver of the "red car" that hit Vasquez' vehicle, was also 18 years old at the time of the accident, and his deposition is in evidence. He admitted that he pled guilty to a ticket for "following too *421 close," issued as a result of the accident, and his answer admits negligence in the accident but denies that such caused injury. Girton testified that his vehicle and Vasquez' vehicle were traveling westbound in the lane nearest to the curb. Girton said that he did not see Vasquez stop nor did he see Halac's vehicle before the accident. In his testimony, he admitted that his vehicle hit Vasquez' vehicle and pushed it into the rear of Halac's vehicle. Finally, Girton admitted that he was going 45 miles per hour and that he left no skid marks.

DISTRICT COURT DECISION
On May 25, 2007, the district court entered an order on Vasquez' motion for summary judgment, finding that Girton's negligence was the sole proximate cause of the accident. After granting Vasquez' motion for summary judgment, the trial judge entered an order finding that there was no just reason for delay of an immediate appeal of the summary judgment in favor of Vasquez under § 25-1315(1). Halac then appealed to this court. We dismissed that appeal, see case No. A-07-630, filed Jan. 25, 2008, for lack of jurisdiction, citing Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007), because of the trial court's failure to make specific findings setting forth the reasons that its order should be immediately appealable. After our mandate was issued in the first appeal, the cause returned to the trial court. On June 19, 2008, an "order and stay" was entered which included the following finding:
I find that if the summary judgment order is not reviewed and the case proceeds to trial against the remaining defendant [Girton] without resolution of whether a fact question exists regarding the actions of the defendant driver Defendant Vasquez and his failure to see the stopped Halac car until he was 5 feet behind it, [it] will likely result in multiple trials and appeals.
The trial judge then found that judicial economy will not be served because of the strong likelihood of multiple trials and multiple appeals if the summary judgment in Vasquez' favor is not reviewed by an appellate court prior to a trial on the claim against Girton.
The trial court additionally found that immediate review was in the interest of sound judicial administration at both the trial level and the appellate level. For purposes of the appeal only, the court found that Halac has suffered injuries that have restricted her in her usual occupation, resulting in considerable ongoing economic loss, and that as a result, she is ill equipped to afford the long delay and costs associated with multiple trials and appeals. Finally, the trial court found that the summary judgment decision falls squarely within § 25-1315(1) and, thus, that the order of May 24, 2007, is a final order and there is no just reason for the delay of an immediate appeal. From this order of June 19, 2008, Halac now appeals.

JURISDICTION
None of the parties to this appeal raise any challenge to our jurisdiction to hear this appeal, and we note that Girton has not filed a brief. Although Halac and Vasquez asserted at oral argument that the appeal is proper, it is well established that an appellate court has the duty and the power to examine whether it has jurisdiction sua sponte. See Mason v. Cannon, 246 Neb. 14, 516 N.W.2d 250 (1994).
We begin by recalling the Supreme Court's core holdings and reasoning in Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007), which begin with the proposition that a "final order" is a prerequisite to an appellate court's obtaining jurisdiction of an intermediate appeal *422 pursuant to § 25-1315(1). With the enactment of § 25-1315(1), an appeal can be taken pursuant to such statute only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of Neb.Rev.Stat. § 25-1902 (Reissue 2008) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. See Cerny, supra. Thus, to be appealable in a case with multiple parties or causes of action, an order must satisfy the final order requirements of § 25-1902 as well as the requirements of § 25-1315(1). However, the Cerny decision has put substantial limitations on circumstances when a trial court may properly certify an order or judgment as ripe for an appeal.
In the instant case, the order granting summary judgment to Vasquez is indisputably a final order, and there is a claim against multiple partiesthe claim against Girton remained pending and stayed pending during this appeal. The Cerny court said that "[i]t is left to the trial court's discretion, to be exercised in the interest of sound judicial administration, to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." 273 Neb. at 808, 733 N.W.2d at 885. Thus, we review the trial court's decision certifying the grant of summary judgment in Vasquez' favor as appropriate for an immediate appeal under an abuse of discretion standard. See, also, Murphy v. Brown, 15 Neb.App. 914, 738 N.W.2d 466 (2007).
That said, the court in Cerny v. Todco Barricade Co., 273 Neb. 800, 809-10, 733 N.W.2d 877, 886-87 (2007), summarized the legislative intent behind § 25-1315 and laid down a number of considerations for trial courts when making the decision whether to certify an immediate appeal:
Section 25-1315 was an evident attempt by the Legislature to simplify the issue and clarify many of the questions regarding final orders when there are multiple parties and claims. In other words, § 25-1315(1) was intended to prevent interlocutory appeals, not make them easier. It attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties.
Therefore, it is well established in every other jurisdiction to have considered a similar rule that certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The power § 25-1315(1) confers upon the trial judge should only be used "`"in the infrequent harsh case"'" as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.
As a general principle, in deciding whether there are no just reasons to delay the appeal of individual final judgments, a trial court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to ensure that application of § 25-1315(1) effectively preserves the general policy against piecemeal appeals. Plainly, sound judicial administration does not require that certification requests be granted routinely. Therefore, entry of *423 judgment under § 25-1315(1) should not be indulged as a matter of routine. Section 25-1315(1) was simply not meant to be employed in the absence of sufficiently compelling circumstances.
(Citations omitted.)
The Cerny court made the general observation that the law disfavors piecemeal appeals, that multiple appeals interfere with efficient judicial administration and impose on the parties costs and risks associated with protracted litigation. There are only a few appellate cases applying the jurisdictional aspect of the Cerny decision. We upheld the trial court's certification of an immediate appeal in Sand Livestock Sys. v. Svoboda, 17 Neb.App. 28, 756 N.W.2d 299 (2008). Sand Livestock Sys. was a highly complex case involving multiple parties, claims including libel and false light invasion of privacy, and a counterclaim alleging a violation of Nebraska's statutory provisions concerning strategic lawsuits against public participation, i.e., a "SLAPP" lawsuit, as well as an anti-SLAPP counterclaim resulting in a judgment of $900,000. This highly unusual situation made it rather obviously the "unusual case" that the Cerny court said is appropriate for an immediate appeal even though not all claims had yet been tried. Moreover, Sand Livestock Sys. presented a first impression issue of law. In Murphy v. Brown, 15 Neb.App. 914, 738 N.W.2d 466 (2007), we remanded the cause to the trial court because of inadequate findings by the trial judge to justify certification, as we earlier did in the instant case. In Jones v. Jones, 16 Neb.App. 452, 747 N.W.2d 447 (2008), we dismissed an appeal because the trial court simply had not certified the case under § 25-1315(1). Therefore, despite several decided cases after Cerny, supra, the Cerny opinion is still the primary guidepost for the issue before us.
That said, we first note that after our remand in this case, the trial court detailed its reasons and rationale for its certification, and we have included the core portions thereof in our opinion. The trial court's rationale assumed that Halac was injured and suffering economic loss from such, and the only reason cited for certification was that Halac could not afford the cost and delay of "multiple trials and appeals." However, having multiple trials, assuming absence of error in a Halac-versus-Girton trial followed by an appeal, only flows from the possibility that the grant of summary judgment to Vasquez would be reversed on appellate review. Intending no comment on the merits of the grant of summary judgment, the specter of "multiple trials" in this rather commonplace automobile accident case does not make this the type of case that the court in Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007), described as being appropriate for an interlocutory appeal, and it obviously is a much more straightforward case than Sand Livestock Sys., supra.
Trial courts are required by Cerny to make specific findings, and clearly such must comport with the parameters for certification as laid down in Cerny. While the trial judge did make findings upon our remand, such findings are at odds with the key considerations justifying certification set forth in Cerny.
Initially, we recall the Cerny court's caution that § 25-1315(1) certification should be reserved for the "unusual" or "infrequent harsh" case as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties because of delay in entering a final judgment as to part of the case. The Cerny court said that the point of § 25-1315 was to limit interlocutory appeals, not facilitate them. The Cerny *424 opinion, relying in part on federal decisions, has a rather extensive list of considerations that bear on whether § 25-1315(1) certification should be entered. We summarize these Cerny considerations as follows:
 Is there a pressing need for early or separate judgments as to some claims or parties?
 Is there a grave need for immediate appellate intervention or grave injustice remediable only by allowing an appeal to be taken forthwith?
 The interrelationship of issues remaining for trial and those on appeal weighs against certification.
 If claims overlap (being predicated on the same incident involving the same witnesses and evidence), such counsels against certification.
 The possibility that the need for review will be mooted by developments in the trial court weighs against certification.
 If the appellate court will be forced to confront successive appeals with common issues of fact or law, such fact counsels against certification.
This is not an unusual case, and it does not involve complex issues of law or fact. There is considerable overlap between what we would examine on the merits of the grant of summary judgment and what remains to be tried against Girton. The trial court's rationale for certificationthe avoidance of multiple trials, i.e., a retrial if summary judgment were incorrectly granted to Vasquezis the primary reason cited by the trial court. However, such is inadequate justification for certification under Cerny, supra. There is substantial "overlap" in Halac's claims against Girton and Vasquez because this is a single incident and the witnesses are the same with respect to both claims. And the fact that a plaintiff in an automobile accident case suffers economic hardship while the litigation process runs its course is not unusual.
Therefore, for these reasons, we are compelled to find that the trial court abused its discretion in certifying the summary judgment in Vasquez' favor for immediate appeal. This case has most, if not all, of the contraindications for immediate appeal detailed in Cerny, remembering that the policy behind § 25-1315(1) was the avoidance of piecemeal appellate review in routine cases, not the facilitation thereof.

CONCLUSION
We, therefore, find that we do not have jurisdiction to hear this appeal. Thus, we do not address the merits of the summary judgment, and we remand the cause to the district court for trial as to the remaining defendant, Girton, after which, if there is an appeal, we will then have jurisdiction to review the summary judgment entered as to Vasquez, if appropriately raised.
APPEAL DISMISSED.