## V. CONCLUSION

We find no abuse of discretion in the alimony award. Accordingly, we affirm the decision of the district court to award Kurt alimony in the amount of $2,000 per month for a period of 84 months.

Affirmed.

————————————

Southwest Omaha Hospitality, L.P., appellant, v. Gail Werner-Robertson et al., appellees.

___ N.W.2d ___

Filed June 25, 2013.    No. A-12-1008.

1. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.
2. **Actions: Parties: Final Orders: Appeal and Error.** With the enactment of Neb. Rev. Stat. § 25-1315(1) (Reissue 2008), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.
3. **Final Orders: Appeal and Error.** Certification of a final judgment must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Appeal dismissed.

Rodney K. Vincent and Darla J. Johnson, of Vincent Law Office, for appellant.

No appearance for appellees.

Irwin, Moore, and Pirtle, Judges.

Irwin, Judge.

## I. INTRODUCTION

This lawsuit began in June 2005. In a 2011 appeal to this court, we dismissed the appeal for the reason that no final,

appealable order existed because all of the claims relating to all of the parties had not been disposed of. We now have the second appearance of this case on appeal and dismiss for the same reason—there is no final, appealable order, despite the district court's attempt to certify that there was a final, appealable order. Such a certification is reserved for the "unusual case" in which the pressing needs of the litigants for an early and separate judgment as to some claims or parties outweigh the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket. The power Neb. Rev. Stat. § 25-1315(1) (Reissue 2008) confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.

## II. BACKGROUND

This is the second appearance of this case before this court. In June 2005, Southwest Omaha Hospitality, L.P. (SOH), and numerous other plaintiffs brought an action against Gail Werner-Robertson; GWR Investments, Inc.; CGS I, Inc.; and Van Dorn Management, L.L.C., in which the plaintiffs asserted several causes of action, including breach of contract, breach of fiduciary duty, and negligence in connection with the purchase and financing of an Omaha hotel. In an appeal docketed in this court as case No. A-11-761, SOH appealed from an order which granted, in part, the defendants' motion to dismiss the fifth amended complaint and which ordered SOH to file a sixth amended complaint. That appeal was dismissed for lack of a final, appealable order.

In the instant case, SOH has appealed from some prior orders of the district court, as well as its most recent order, entered on October 17, 2012. This order granted summary judgment in favor of defendant Werner-Robertson and dismissed the seventh amended complaint as to her. The court also dismissed defendants GWR Investments and Van Dorn Management as to SOH's claims of gross negligence and promissory estoppel, but found that SOH should be able to pursue its claims of negligence against them. The court noted that counts 1, 2,

4 through 7, and 9 remained as to those two defendants. SOH appealed to this court on October 25.

### III. ANALYSIS

[1] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012). While the district court's order terminated the action as to one of the defendants, the existence of multiple parties implicates § 25-1315(1), which provides, in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In dismissing the complaint against Werner-Robertson, the court stated that "there is no just reason for delay," language that is required when a court certifies an order as final for purposes of § 25-1315(1). The court did not explicitly cite § 25-1315, nor did it make an express direction for the entry of a final judgment. The order also did not include the court's reasoning for certifying its order under § 25-1315(1), if that was, in fact, what it was trying to accomplish.

[2] There are three elements constituting a certification pursuant to § 25-1315(1). With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2008) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007). The instant case involves

multiple parties as well as a final order dismissing Werner-Robertson from the action. However, the district court failed to properly certify the order under § 25-1315(1) by not invoking the statutory language of both "express determination" and "express direction" and by not following the dictate in *Cerny* to make specific findings. To the extent that the court intended to make such a certification, it abused its discretion. See *Murphy v. Brown*, 15 Neb. App. 914, 738 N.W.2d 466 (2007).

[3] We caution here that the *Cerny* decision has put substantial limitations on circumstances when a trial court may properly certify an order or judgment as ripe for an appeal. We remind the trial court that the court in *Cerny* instructed that

> certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The power § 25-1315(1) confers upon the trial judge should only be used ""'in the infrequent harsh case"'" as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.

273 Neb. at 809-10, 733 N.W.2d at 886.

Because the district court's order does not dispose of all of the claims against all of the parties, and does not make an express determination and direction under § 25-1315, this appeal must be dismissed for lack of jurisdiction.

## IV. CONCLUSION

To the extent that the district court was attempting to certify its October 17, 2012, order pursuant to § 25-1315, it abused its discretion. The district court's order is not final and appealable.

APPEAL DISMISSED.