Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/16/2018 08:13 AM CDT

JLEE RAFERT ET AL., APPELLANTS AND CROSS-APPELLEES,
v. ROBERT J. MEYER, DEFENDANT AND THIRD-PARTY
PLAINTIFF, APPELLEE AND CROSS-APPELLANT, AND
GERALD C. BRYCE ET AL., THIRD-PARTY
DEFENDANTS, APPELLEES.

___ N.W.2d ___

Filed December 22, 2017.    No. S-16-1116.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Final Orders: Appeal and Error.** A trial court's decision to certify a final judgment pursuant to Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is reviewed for an abuse of discretion.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Final Orders: Appeal and Error.** To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue 2016) and, additionally, where implicated, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).
5. **Actions: Parties: Final Orders: Appeal and Error.** Neb. Rev. Stat. 25-1315(1) (Reissue 2016) is implicated where there are multiple causes of action or multiple parties and the court enters a final order as to one or more but fewer than all of the causes of action or parties.
6. ____: ____: ____: ____. With the enactment of Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2016) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

7. **Statutes: Final Orders: Intent.** The intent behind Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) was to prevent interlocutory appeals, not to make them easier.

8. **Judgments: Parties: Appeal and Error.** Certification of a final judgment must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

9. **Courts: Judgments.** When a trial court concludes that entry of judgment under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order.

10. ____: ____. In determining whether certification is warranted, a trial court must take into account judicial administrative interests as well as the equities involved.

11. ____: ____. A trial court considering certification of a final judgment should weigh factors such as (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

12. **Actions: Parties.** The basic function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff.

13. ____: ____. The policy underlying third-party practice is to avoid circuity of actions and multiplicity of suits, as well as to expedite the resolution of secondary actions arising out of or as a consequence of the same facts involved in the action originally instituted.

Appeal from the District Court for Richardson County: Daniel E. Bryan, Jr., Judge. Order vacated, and appeal dismissed.

Gary J. Nedved, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellants.

Mark C. Laughlin and Jacqueline M. DeLuca, of Fraser Stryker, P.C., L.L.O., for appellee Robert J. Meyer.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## INTRODUCTION

After an insured had obtained life insurance policies and named her trust as the owner, her insurance agent stole the renewal premiums and the policies lapsed. The insured and the trust's beneficiaries sued the trustee, and the trustee brought a third-party claim against the agent. The district court bifurcated the trial. Pursuant to a jury verdict on the first stage, the court entered an order against the trustee. But before trial on the third-party claim, the court certified its order as final.[1] Because we conclude the certification was an abuse of discretion, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Jlee Rafert spoke with an insurance agent, Gerald C. Bryce, about purchasing life insurance policies to be put in a trust for the benefit of her children. Bryce arranged for his cousin, Robert J. Meyer, to prepare a trust instrument and to serve as trustee of the trust. In March 2009, Rafert executed the irrevocable trust.

As trustee, Meyer thereafter signed three applications for life insurance that named Rafert as the insured and the trust as the owner of the policies. On each application for insurance, Meyer provided an address in South Dakota for himself as trustee. But Meyer was a resident of Nebraska, and he had no intent to pick up any mail sent to the South Dakota address. After signing the applications, Meyer never traveled to South Dakota to retrieve mail nor did he have mail from the South Dakota address forwarded to him. After signing the applications for insurance, Meyer considered his duties to Bryce and Rafert to be completed. Meyer testified that

---

[1] See Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).

Bryce, who Meyer understood was operating as Rafert's agent, told Meyer that he would take care of having a successor trustee appointed.

In 2009, Rafert paid initial premiums on the policies totaling $262,006. In 2010, the insurers sent notices to Meyer at the South Dakota address that premiums were due and that the policies were in danger of lapsing. Once the policies lapsed, the insurers sent notices to the South Dakota address advising that the policies could be reinstated. Because the notices were sent to the South Dakota address and Meyer did not obtain mail from that address, Meyer and Rafert were unaware that the policies had lapsed.

Between August 2010 and July 2012, Rafert gave Bryce checks totaling $242,391.03 for renewal premiums, made payable to Bryce's insurance company, Ag/Insurance Services, Inc. (Ag). Rafert believed that Bryce was forwarding the checks to the insurers; however, she learned that Bryce stole the payments and that her insurance policies had lapsed.

Rafert and her children (collectively appellants) sued Meyer for breach of his duties as the trustee. The complaint alleged that Meyer breached his fiduciary duties in a number of ways, and it sought to recover all premiums paid by Rafert in the total amount of $514,847.03. As an affirmative defense, Meyer alleged that appellants' damages were caused by Bryce, Paradigm Financial Services, L.L.C. (Paradigm), and Ag.

Meyer filed a third-party complaint against Bryce, Paradigm, and Ag. He alleged that the lapse of the policies was due to their negligence and that they were responsible for the damages for which appellants alleged Meyer was liable. In Bryce's responsive pleading, he asserted several affirmative defenses. He claimed that the causes of action against him were barred under Neb. Rev. Stat. § 25-21,185.11 (Reissue 2016), because appellants had released Bryce from all liability that he may have in this matter. Paradigm and Ag filed similar responsive pleadings.

The district court ordered that Meyer's third-party claim be separately set for trial after the trial on the merits of appellants' suit against Meyer. Following a jury trial of appellants' lawsuit against Meyer, the court accepted the jury's verdict in favor of appellants and its determination of damages in the amount of $60,000.

On November 9, 2016, the district court entered a "Judgement Order." The order entered judgment on behalf of appellants and against Meyer in the amount of $59,086.85, which represented the jury's verdict of $60,000, less a credit of $913.15. It further entered judgment of $15,149.37 in appellants' favor and against Meyer for attorney fees.

Appellants filed a motion for certification. They requested that the district court certify the November 2016 order as a final order as to their cause of action against Meyer. They asserted that "[t]he adjudication of the third-party action will not affect the issues on appeal and the Appellate Court will not review the same issue twice."

During the hearing on the motion, the district court first gave Meyer 10 days to amend his third-party complaint in order to add other individuals who worked for Ag. In discussing Meyer's request and immediately before the court addressed the certification motion, counsel for Bryce, Paradigm, and Ag stated that "the basis of the third-party complaint all has to do with the first-party complaint. . . . [I]f there is no judgment against [Meyer], then there is no claim against [Bryce, Paradigm, and Ag] or anybody else . . . ." With respect to the motion for certification, the court stated:

> I know the Court generally doesn't like to do that. They want me to try the whole thing and get it over with, but as I'm listening to this, I realize it's just going to be a long time before they even get — it'd probably be three or four months before they can even get ready to try their case.

The court further stated, "I don't know how — I assume that the Court will grant — will grant your request, but I never

know because they could find it — not a final order, but I assume that they will based on my certification."

The district court entered an order granting the motion for certification. The order stated:

> The Court finds and certifies the Judgement Order entered on November 9, 2016 is a Final Order within the meaning of Neb. Rev. Stat. §25-1902 [(Reissue 2016)] as to the cause of action for breach of fiduciary duty brought by [appellants] against . . . Meyer and all issues associated with [appellants'] claims against [Meyer]. The Court further finds that pursuant to Neb. Rev. Stat. §25-1315(1), there is no just reason for the delay of an appeal.

On that same day, appellants filed a notice of appeal. We ordered supplemental briefing, which we have now considered, regarding the propriety of the certification.

## ASSIGNMENTS OF ERROR

Although appellants assign error to the proceedings and Meyer assigns error on cross-appeal, we do not reach the assignments.

## STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2] A trial court's decision to certify a final judgment pursuant to § 25-1315(1) is reviewed for an abuse of discretion.[3]

## ANALYSIS

[3,4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] In order to vest

---

[2] *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[3] *Id.*

[4] *Id.*

an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order.[5] To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue 2016) and, additionally, where implicated, § 25-1315(1).[6]

[5,6] Section 25-1315(1) is implicated where there are multiple causes of action or multiple parties and the court enters a final order as to one or more but fewer than all of the causes of action or parties.[7] With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.[8] All three components are met here, but we are concerned with the propriety of the court's determination that there is no just reason for delay.

[7,8] The intent behind § 25-1315(1) was to prevent interlocutory appeals, not to make them easier.[9] Ten years ago, we instructed that

> certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The power § 25-1315(1) confers upon

---

[5] *Id.*

[6] *Id.*

[7] See *id.*

[8] *Castellar Partners v. AMP Limited*, 291 Neb. 163, 864 N.W.2d 391 (2015).

[9] See *id.*

the trial judge should only be used "'"in the infrequent harsh case"'" as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.[10]

The message that certification must be reserved for the "unusual case" has been repeated numerous times.[11]

[9] Nebraska courts have also repeatedly stated that when a trial court concludes entry of judgment under § 25-1315(1) is appropriate, it should ordinarily make specific findings setting forth the reasons for its order.[12] Here, the court's order merely used the language of the statute and did not explain why certification was appropriate. While the absence of detailed findings by the trial court does not require automatic dismissal,[13] it is difficult to accord deference to a court's decision when there is no reasoning to support it. We once again remind trial courts that a decision to certify an order as final under § 25-1315(1) should be supported by the court's reasoning for doing so.

Without specific findings to support the district court's certification, we turn to the record in search of some indication

---

[10] *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 809-10, 733 N.W.2d 877, 886 (2007).

[11] See, *Castellar Partners v. AMP Limited, supra* note 8; *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008) (Gerrard, J., concurring); *Southwest Omaha Hospitality v. Werner-Robertson*, 20 Neb. App. 930, 834 N.W.2d 617 (2013); *Halac v. Girton*, 17 Neb. App. 505, 766 N.W.2d 418 (2009); *Sand Livestock Sys. v. Svoboda*, 17 Neb. App. 28, 756 N.W.2d 299 (2008); *Jones v. Jones*, 16 Neb. App. 452, 747 N.W.2d 447 (2008); *Murphy v. Brown*, 15 Neb. App. 914, 738 N.W.2d 466 (2007).

[12] See, *Castellar Partners v. AMP Limited, supra* note 8; *Cerny v. Todco Barricade Co., supra* note 10; *Southwest Omaha Hospitality v. Werner-Robertson, supra* note 11; *Halac v. Girton, supra* note 11; *Sand Livestock Sys. v. Svoboda, supra* note 11; *Jones v. Jones, supra* note 11; *Murphy v. Brown, supra* note 11.

[13] See *Sand Livestock Sys. v. Svoboda, supra* note 11.

of an exceptional need for immediate appellate intervention.[14] Appellants' motion requested certification for the following reasons: (1) No appeal could move forward until the third-party claim between Meyer and the third-party defendants was resolved, (2) delaying the appeal would be contrary to the benefits achieved in the bifurcation of breach of fiduciary duty action and the third-party claim, (3) the adjudication of the third-party claim would not affect the issues on appeal and the appellate court would not review the same issue twice, and (4) the breach of fiduciary duty action had been in litigation since 2013 and further delay of an appeal would unnecessarily lengthen that time. And we can glean from the court's statement during the hearing on the motion for certification that it was concerned about the delay in trying the case Meyer brought against Bryce and the other third-party defendants.

[10,11] In determining whether certification is warranted, a trial court must take into account judicial administrative interests as well as the equities involved.[15] A trial court considering certification of a final judgment should weigh factors such as (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[16] As a starting point for considering certification of a final judgment, it is

---

[14] See *Castellar Partners v. AMP Limited, supra* note 8.

[15] *Id.*

[16] *Cerny v. Todco Barricade Co., supra* note 10.

appropriate for the trial court to consider whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would ever have to decide the same issues more than once even if there were subsequent appeals.[17]

[12,13] We begin by examining the interrelationship between the adjudicated and unadjudicated claims. Appellants claim in their supplemental brief that there is no relationship between the claims. But that belies the nature of a third-party claim. The basic function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff.[18] A third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.[19] Thus, some degree of relatedness is inherent in a suit involving a third-party claim. "'The policy underlying third-party practice is to avoid circuity of actions and multiplicity of suits, as well as to expedite the resolution of secondary actions arising out of or as a consequence of the same facts involved in the action originally instituted.'"[20]

The facts also demonstrate the interrelationship of the claims. "When the dismissed and surviving claims are factually and legally overlapping or closely related, fragmentation of the case is to be avoided except in '"unusual and compelling circumstances."'"[21] Here, appellants sued Meyer for breach of fiduciary duties. His use of a mailing address in

---

[17] *Id.*

[18] *AgriStor Credit Corp. v. Radtke*, 218 Neb. 386, 356 N.W.2d 856 (1984).

[19] *Id.*

[20] *Id.* at 390, 356 N.W.2d at 859.

[21] *Cerny v. Todco Barricade Co., supra* note 10, 273 Neb. at 813, 733 N.W.2d at 888-89.

South Dakota—that he did not check or have mail forwarded from—prevented appellants and Meyer from knowing that the checks Rafert gave to Bryce were not being used to pay the premiums on the insurance policies. Because Bryce stole those checks, Meyer claims that Bryce is the proximate cause of appellants' damages. And on cross-appeal, Meyer brings up issues related to Bryce's settlement with Rafert's husband, in connection with which Rafert dismissed her lawsuit against Bryce—a lawsuit that alleged the same damages as her lawsuit against Meyer. Here, there is overlap—both factually and legally—between appellants' lawsuit against Meyer and Meyer's third-party claim against Bryce, Paradigm, and Ag. "It is uneconomical for an appellate court to review facts on an appeal following a . . . certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[22]

The parties contend that certification was appropriate because a reviewing court would not be obliged to consider the same issues a second time. They highlight that appellants' claim against Meyer was for breach of fiduciary duties and that Meyer's claim against the third-party defendants was for contribution. And they contend that the contribution claim would not involve any of the issues currently on appeal. Appellants go a step further and argue that the contribution claim cannot even be adjudicated until the amount Meyer is required to pay appellants is finally determined. But it would be most efficient for the reviewing court to have the claims presented for review as a unified package.

The circumstances here do not make this the "unusual case." In urging us to accept jurisdiction over the appeal, Meyer argues that our resolution of the issues on appeal could

---

[22] 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 at 110 (2014).

eliminate the need for a trial of his third-party claim. While we understand Meyer's desire for an early appeal, § 25-1315 was not intended to multiply appeals merely upon the uncertain hope that doing so might avoid future proceedings. According to the district court, there probably would be a delay of 3 to 4 months before the third-party complaint would be ready for trial. But nothing in the record suggested that such a delay would cause an unusual hardship for the parties. We conclude that the court abused its discretion in certifying the November 9, 2016, order as final under § 25-1315(1).

## CONCLUSION

We conclude that the district court abused its discretion in certifying the November 9, 2016, order as final. We therefore vacate the court's order certifying a final judgment, and because there is no final judgment, we dismiss the appeal for lack of jurisdiction.

ORDER VACATED, AND APPEAL DISMISSED.

WRIGHT, J., not participating.